CIVILLE & TANG, PLLC
SUITE 200, 330 HERNAN CORTEZ AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868
FACSIMILE: (671) 477-2511

*Attorneys for Plaintiffs*

FILED
DISTRICT COURT OF GUAM
JAN 31 2014
JEANNE G. QUINATA
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RUSS CARLBERG, ROEL D. DACASIN, REYNALDO S. GALVEZ, DELMARIO R. CORTEZ, GARY CHANG,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM INDUSTRIAL SERVICES dba GUAM SHIPYARD, MATHEW POTHEN, Personally<br><br>Defendants. | District Court Case No. 14-00002<br><br>CLASS ACTION COMPLAINT AND JURY DEMAND |

Plaintiffs state:

## JURISDICTION AND VENUE

1. This Court's jurisdiction is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5) of the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. §§ 2101 to 2109.

2. The claims alleged in this action arise under 29 U.S.C. §§ 2102 and 2104.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. §2104 (a)(5) since the acts constituting the violation of WARN complained of occurred, and the claim arose in, this district.

1



## CLASS ACTION ALLEGATIONS

4. Plaintiffs bring this action as a class action pursuant to Rule 23(a) and (b)(1) and (3) of the Federal Rules of Civil Procedure and 29 U.S.C. § 2104 (a)(5) on behalf of themselves and all others similarly situated (the "Class") who were employees of defendant and who were "affected employees" subject to an "employment loss," as those terms are defined in 29 U.S.C. § 2101(a)(5) and (6), as a result of the circumstances, acts and facts related to employee terminations effected by defendant on or about October 15, 2013, without the notices required by WARN.

5. The members of the Class exceed 150 in number. Joinder is therefore impracticable. The precise number of class members and their addresses are readily determinable from the books and records of defendant.

6. Plaintiffs are all "affected employees" who were terminated by defendants or their benefits were affected on or about October 15, 2013, without the notice required by WARN. Each is thereby a member of the class. The proposed class representatives named are committed to pursuing this action and retained counsel experienced in class action litigation. Accordingly, each proposed class representative is an adequate representative of the class and has the same interests as all of its members, except that, as with all members of the class, the exact amount of each plaintiff's damages may differ from those of other members of the class. Further, each plaintiff's claims are typical of the claims of all members of the class, and each proposed class representative will fairly and adequately protect the interests of the absent members of the class.

7. The questions of law or fact common to the class include:

(a) Whether the provisions of WARN apply;

(b) Whether defendant's employee terminations of October 15, 2013, and the

employee terminations related to that event, constitute a "plant closing" or a "mass layoff" under WARN;

(c) Whether defendant failed to provide the notices required by 29 U.S.C. § 2102 (a) of WARN;

(d) Whether defendant can avail itself of any of the provisions of 29 U.S.C. § 2102 (b) of WARN permitting lesser periods of notice;

(e) The appropriate formulae to measure damages under 29 U.S.C. § 2104 (a)(1) of WARN; and

(f) The appropriate definitions and formulae to measure payments to offset damages under 29 U.S.C. § 2104 (a)(2) of WARN.

8. An action under Rule 23(a) and (b)(1) and (3) of the Federal Rules of Civil Procedure is appropriate for the above reasons and since (a) the prosecution of separate actions by individual members of the class would create a risk of (1) inconsistent or varying adjudications establishing incompatible standards of conduct for defendants or (2) adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of other class members and/or (b) a class action is superior to other available methods for fair and efficient adjudication of this controversy since the questions of law and fact common to all members of the class predominate over questions affecting only individual members of the class in that (1) the individual damages of any one class member may be so relatively small, and the expense and burden of separate litigation concerning virtually all common issues so large, that the individual interest of members of the class in controlling the prosecution of separate actions are small; (2) there is no other litigation commenced concerning these issues; (3) it is desirable, and virtually inevitable given the locus of the defendants' acts, to

concentrate this litigation in this forum; and (4) the plaintiffs anticipate no difficulty in the management of this suit as a class action.

9. Further, class action treatment of this action is authorized and appropriate under 29 U.S.C. 2104 (a)(5) of WARN which clearly provides that a plaintiff seeking to enforce liabilities under WARN "may sue either for such person or for other persons similarly situated, or both."

## THE PARTIES

10. Russ Carlberg, as of October 15, 2013, was a full-time employee of defendant who, in addition to other substantial employee benefits, earned regular compensation and was damaged by defendant's acts in violation of WARN.

11. Roel D. Dacasin, as of October 15, 2013, was a full-time employee of defendant who, in addition to other substantial employee benefits, earned regular compensation and was damaged by defendant's acts in violation of WARN.

12. Reynaldo S. Galvez, as of October 15, 2013, was a full-time employee of defendant Guam Shipyard who, in addition to other substantial employee benefits, earned regular compensation and was damaged by defendant's acts in violation of WARN.

13. Delmario R. Cortez, as of October 15, 2013, was a full-time employee of defendant Guam Shipyard who, in addition to other substantial employee benefits, earned regular compensation and was damaged by defendant's acts in violation of WARN.

14. Gary Chang, as of October 15, 2013, was a full-time employee of defendant Guam Shipyard who, in addition to other substantial employee benefits, earned regular compensation and was damaged by defendant's acts in violation of WARN.

15. Each of the named plaintiffs was employed by defendant at its Ship Repair

facility located at Apra Harbor, Santa Rita Guam, and was terminated by defendant on or about October 15, 2013, or shortly thereafter as a result of the October 15, 2013 terminations, having not received adequate or any written notice provided for by WARN.

16. Defendant, Guam Industrial Services, Inc., dba Guam Shipyard, is a corporation organized under the laws of Guam with its headquarters at the Guam Shipyard, Apra Harbor, Guam, with a mailing address of P.O. Box 13010, Naval Activites Branch, Santa Rita Guam. As of October 15, 2013 defendant employed more than 100 employees, excluding part-time employees. Defendant, as of October 15, 2013, was a company doing general pier-side ship repair and dry docking activates for various customers including the United States Navy and other clients such as Military Sea Lift Command and doing such repair from the Ship Repair facility, Guam.

17. In addition to general pier-side ship repair, Defendant Guam Shipyard conducted other industrial and technical support operations throughout Guam.

18. Guam Shipyard also was contracted to provide services at the Marriott Hotel and Marianas Inn servicing the compressors and condensers for the air conditioning system. Moreover, Shipyard pipefitters and machine shop were working on the pumps at the hotel locations.

19. At Marinas Inn the Shipyard employees re-piped the hotel to provide adequate water supply for the H-2 workers housed there.

20. Shipyard employees worked at Janzees in Agat, Guam, to maintain the piping system and the ventilation system.

21. Shipyard employees also maintained the Security Alarm System and premises at Island Equipment.

5 | Page

Case 1:14-cv-00002 Document 1 Filed 01/31/14 Page 5 of 14

22. Currently, Guam Shipyard is working on the FRANK CABLE repairing the Steam Kettles and the ERICKSON conducting Voyage Repairs or ("VR").

23. Defendant, Mathew Pothen, is a resident of Guam and the President of Guam Shipyard.

## COUNT I

## CLAIM FOR RELIEF UNDER WARN

24. Plaintiffs reallege each of the allegations in all prior paragraphs as if fully set forth herein.

25. Almost every day since 1998 the Foremen of the various shops of Guam Shipyard would meet to discuss daily operations and share important information.

26. On October 14, 2013, prior to the unnoticed terminations of the Plaintiffs, Guam Shipyard operated as one of the largest employers on the island of Guam and performed work on all manner of marine craft, including federal and military ship assets.

27. On or about March 20, 2013, the Military Sealift Command (MSC) provided notice that it intended, as part of solicitation number N00033-13-R-7509, to issue a ship repair solicitation under which the former Ship Repair Facility (SRF) Guam will be provided as Government Furnished Property (GFP). The procurement was to be overseen by the Naval Facilities Engineering Command (NAVFAC).

28. At the time of the solicitation notice, defendant Guam Shipyard was operating at the SRF doing ship repair work, and was subsequently an offeror seeking to be the awardee of solicitation number N00033-13-R-7509.

29. At no time during the bid process for solicitation number N00033-13-R-7509 did defendants inform, warn, discuss, or otherwise communicate to Plaintiffs that their continued

employment was at risk due to the issuance of the solicitation.

30. To the contrary, at all times during the bid process the defendants communicated to the plaintiffs various guaranties and assurances that defendant would be the awardee under solicitation number N00033-13-R-7509, and that Plaintiffs employment was secure.

31. On October 11, 2013, Cabras Marine Corporation was named the awardee of solicitation N00033-13-R-7509 and entered into a contract award in the amount of $77,956,324.10.

32. On the morning of October 15, 2013 many of the class members received written termination notices (a copy of one is attached as Exhibit "A") and were terminated effective immediately. In fact, most "non-essential" personnel did not even receive that days wage and were given approximately one (1) hour to remove all of their personal belongings. Some employees had worked at the Shipyard for more than fifteen (15) years.

33. While terminating local labor the Guam Shipyard retained its H-2 labor force all to the detriment of the local labor force and Guam's economy.

34. The October 15, 2013, termination notice, on its face, admits facts showing that WARN is applicable to the October 15, 2013 layoffs. Those facts are incorporated in this complaint by reference.

35. The information regarding "Guam Shipyard was not awarded the contract to provide ship repair services for the Military Sealift Command (MSC) at the former U.S. Naval Ship Repair Facility, Guam" referred to in the October 15 notice (Exhibit "A"), is not a cognizable reason to reduce the required notification period under WARN.

36. The October 15, 2013 terminations did not result from any sudden failure or reversal of defendant's financial health but were the direct and proximate result of defendant's

continuing unsatisfactory efforts at satisfying the known requirements of the MSC and gaining an award of solicitation number N00033-13-R-7509. The terminations were effected as the result of defendants' ongoing business plan with respect to defendants and, in particular, to protect defendants' profit margins, not because of any new or sudden reversal of defendants' prospects or failure to obtain business.

37. The October 15, 2013 terminations were not necessary because, according to published reports, a transition period of sixty days was in place between the award of contract and a shift to work to Cabras Marine Corporation. A copy of the published report is attached to this complaint as Exhibit "B" and incorporated fully into this complaint.

38. The October 15, 2013 terminations were not necessary because Guam Shipyard continues to perform ship repair work for the Military Sealift Command under an Indefinite Delivery Indefinite Quantity contract that expires in June 2017, and the revenue from these operations would have sustained payment of wages for the plaintiff class.

39. The October 15, 2013 terminations, even if necessary, were not an unforeseeable consequence of defendants' failure to secure an award of solicitation number N00033-13-R-7509.

40. Plaintiffs and the class have been damaged by defendants' acts and conduct constituting violations of WARN.

## COUNT II

## GROSS NEGLIGENCE

41. The plaintiffs repeat, reallege, and incorporate the above paragraphs as if expressly set forth herein.

42. The termination of plaintiffs without notice was the direct and proximate result of

8 | Page

the grossly negligent conduct of the defendant Shipyard and its Owner Mathew Pothen, his agents, servants and employees, in that Mathew Pothen grossly and negligently failed to follow the standard of management and leadership a reasonable mass employer desiring to terminate employees in conformance with law would follow.

43. The termination of plaintiffs without notice was the direct and proximate result of the grossly negligent conduct of the defendant Shipyard and its Owner Mathew Pothen, his agents, servants and employees, in that Mathew Pothen grossly and negligently failed to conduct himself in a manner that would have secured an award of solicitation number N00033-13-R-7509.

44. Defendant Pothen's complete disregard for following the reasonable standard an employer faced with a need for mass layoffs would follow was motivated by a singular attempt to save himself and defendant shipyard from having to expend at least 60 more days of wages and benefits for the terminated employees, so that defendant Pothen could enrich himself.

45. As a direct and proximate result of the gross negligence of the defendant Shipyard, defendant Pothen, his agents, servants and/or employees the Plaintiff class experienced financial damage due to a lack of wages and benefits that would otherwise have flowed to them for at least 60 days beyond their termination date.

46. WHEREFORE, the Plaintiffs demand judgment against the defendant for lost wages and benefits in an amount exceeding Two Million Dollars ($2,000,000.00) with interest and costs. Moreover, Plaintiffs demand judgment for punitive damages in the amount of three (3) times the actual damages but in no event less than Six Million Dollars ($6,000,000.00).

WHEREFORE, plaintiffs demand judgment:

1. Certifying this action as a class action pursuant to Fed.R.Civ.P. 23(a) and (b)(1)

and (3) on behalf of the Class;

      2.     That defendants' conduct was in violation of WARN (29 U.S.C. § 2102) and the rules and regulations promulgated pursuant to WARN (29 U.S.C. § 2107);

      3.     Awarding plaintiffs and the members of the class damages sustained by them as a result of defendants' conduct in an amount equal to at least the amounts provided in section 29 U.S.C. § 2104(a), and including additional punitive damages, prejudgment interest, and costs, including expert fees and disbursements and reasonable attorney fees and disbursements, pursuant to section 29 U.S.C. § 2104(a)(6) of WARN;

      4.     A finding that Defendants, particularly Mathew Pothen, acted willfully wantonly and/or with reckless disregard to his employees by terminating them without warning, in violation of the law and the moral code upon which employers must follow.

      5.     That because of Mr. Pothen's conduct he be punished through punitive damages to the extent that this type of conduct will be deterred and other similarly situated employers who may wish to line their own pockets at the expense of hard working local employees will not follow Mr. Pothen's example.

      6.     Awarding such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Please take notice that Plaintiffs demand a Jury Trial in the above-entitled action.

*Respectfully Submitted* this 31st day of January 2014.

                                          **CIVILLE & TANG, PLLC**

                              By: _____
                                  **JOSHUA D. WALSH**
                                  **JOSEPH C. RAZZANO**
                                  *Attorneys for Plaintiffs*

# Exhibit "A"

# NOTIFICATION OF PERSONNEL ACTION FORM
## Guam Shipyard



| NAME: Last, First, MI | Employee No. | SOCIAL SECURITY NUMBER |
|---|---|---|
| CHANG GARY K | 4030 | |
| NATURE OF ACTION: <br><br> TERMINATION OF EMPLOYMENT | | EFFECTIVE DATE <br><br> OCTOBER 15, 2013 |
| FROM: Position Title/Level <br><br> Not Applicable | | TO: Position Title/Level <br><br> Not Applicable |
| PAY: <br><br> Not Applicable | | PAY: <br><br> Not Applicable |
| SHOP/DEPARTMENT: <br><br> Calibration | | |

Dear Mr. CHANG,

It is with great regret to inform you that Guam Shipyard was not awarded the contract to provide ship repair services for the Military Sealift Command (MSC) at the former U.S. Naval Ship Repair Facility, Guam. Your employment with Guam Shipyard is hereby terminated effective October 15th 2013. We may recall you to work on the dry dock and any other future projects.

For the past sixteen (16) years, we provided quality ship repair services to MSC and weathered the lean and difficult periods. Together, we maintained a depot level shipyard capability for the Navy. I wanted to personally thank you for all your hard work, dedication, and loyalty to Guam Shipyard and to our customers. I wish you a successful transition and the very best for your future.

Meanwhile, we have contacted, Ms. Fran Bell, Executive Director of the One Stop Career Center (OSCC) and arranged for the OSCC – Rapid Response Team to help you access services and programs which will help you through this difficult time. The OSCC Repaid Response specialists are experienced in assisting and helping you with all your job search needs.

Good Luck and best wishes to you and your family.

| Mathews Pothen – President & CEO | *[signature]* |
|---|---|
| TITLE OF APPROVING OFFICIAL | SIGNATURE OF APPROVING OFFICIAL |

GSY NOTIFICATION OF PERSONNEL ACTION FORM (05/2011)

# Exhibit "B"

# Guam Shipyard to continue Navy service

FRIDAY, 18 OCT 2013 03:00AM BY FRANK WHITMAN | VARIETY NEWS STAFF HITS: 792



SHARE

GUAM Industrial Services, which does business as Guam Shipyard, anticipates continuing ship repair services for the U.S. Navy on Guam, according to Mathews Pothen, president and CEO of the company. On Oct. 11, the Navy announced that it had awarded Cabras Marine Corp. a five-year contract to execute pier-side ship repair at the Ship Repair Facility on Naval Base Guam. A 60-day transition period is in effect.

Guam Shipyard has leased and operated the property for 16 years. It services included dry dock repairs until the dry dock it owns, "Big Blue" sank in January 2011. It has since been refloated, but repairs have not been completed. "The Navy has indicated that Guam Shipyard should complete its upgrade of Big Blue for a depot level capability," Pothen said. "After transitioning from the facility, Guam Shipyard intends to complete the upgrade of Big Blue."

During the 60-day transition period, Guam Shipyard will provide pier-side ship repair as Cabras Marine Corp. moves into the facility to begin the contract.

Guam Shipyard released about 150 local employees on Wednesday and about 100 workers continue to work for Guam Shipyard at the facility, and the company has established an on-call list of permanent local employees should it need additional manpower during the transition.

"Guam Shipyard has permanent and temporary employees," Pothen said. "All permanent employees are local. The majority of temporary employees are H-2B workers in specific trades such as ship fitting, welding, etc. In the past, when additional personnel are required in specific trades, Guam Shipyard hired temporary employees for specific projects."

The company is in the process of repatriating the H-2B workers, he said.

Case 1:14-cv-00002 Document 1 Filed 01/31/14 Page 14 of 14