**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| RUSS CARLBERG, ROEL D. DACASIN,<br>REYNALDO S. GALVEZ, DELMARIO R.<br>CORTEZ, and GARY CHANG,<br><br>Plaintiffs,<br><br>vs.<br><br>GUAM INDUSTRIAL SERVICES<br>dba GUAM SHIPYARD and<br>MATHEWS POTHEN, Personally,<br><br>Defendants. | CIVIL CASE NO. 14-00002<br><br>**ORDER** |

Before the court are the Defendants' Motion to Dismiss (ECF No. 16) and Motion to Dismiss Complaint and Memorandum Pursuant to Rule 12(b)(1) (ECF No. 35). On February 2, 2016, the parties appeared before the court for a hearing. After reviewing the parties' submissions, and relevant caselaw and authority, and having heard argument from counsel on the matter, the court hereby **DENIES** Defendants' Motion to Dismiss and Motion to Dismiss Complaint and Memorandum Pursuant to Rule 12(b)(1), and **GRANTS** Plaintiffs leave to amend the Complaint, for the reasons stated herein.

**I.      CASE OVERVIEW**

This is an action brought pursuant to the Worker Adjustment and Retraining Notification

Act ("WARN Act") and for gross negligence. Plaintiffs seek damages for lost wages and benefits with interests and costs, as well as punitive damages.

### A. Factual Background.

Plaintiffs were former full-time employees of Defendant Guam Industrial Services dba Guam Shipyard ("Guam Shipyard") and worked at the ship repair facility located at Apra Harbor, Santa Rita, Guam. Compl. ¶¶ 10–15, ECF No. 1.

Defendant Guam Shipyard is a company that performs general pier-side ship repair and dry docking services for customers, including the United States Navy and Military Sealift Command. In addition, Defendant Guam Shipyard provided support to other industrial and technical operations throughout Guam, servicing air conditioning compressors and condensers, piping and ventilation systems, and alarm systems. *Id.* ¶¶ 16–21. Defendant Mathews Pothen is the President of Guam Shipyard. *Id.* ¶ 23.

On the morning of October 15, 2013, Plaintiffs and other employees received written termination notices and were terminated effective immediately by Defendants. *Id.* ¶ 32. Defendants had previously sought the award of a ship repair solicitation with the Military Sealift Command. However on October 11, 2013, another company was awarded the solicitation. *Id.* ¶¶ 28, 31.

### B. Procedural History.

On January 31, 2014, Plaintiffs commenced the instant action by filing a Class Action Complaint ("Complaint"). ECF No. 1. Therein, Plaintiffs allege two causes of action: (1) claim for relief under the WARN Act and (2) gross negligence. Plaintiffs demand judgment against Defendants for lost wages and benefits in an amount exceeding $2 million with interest and costs. *Id.* ¶ 46. Plaintiffs also demand judgment against Defendants for punitive damages in the amount of three times the actual damages but in no event less than $6 million. *Id.*

2

On April 16, 2014, Defendants filed the Motion to Dismiss. ECF No. 16. On September 9, 2014, Defendants filed the Motion to Dismiss Complaint and Memorandum Pursuant to Rule 12(b)(1). ECF No. 35.

## II.     STANDARD OF REVIEW

### A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Federal Rule of Civil Procedure 12(b)(1) provides that, in response to a claim for relief, a party may assert a defense of "lack of subject-matter jurisdiction" by way of motion. A Rule 12(b)(1) jurisdictional attack may be facial or factual.[1] *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court must determine whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. *See, e.g.*, *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir.) *cert. denied*, 135 S.Ct. 361 (2014).

### B.  Motion to Dismiss for Failure to State a Claim.

Federal Rule of Civil Procedure 12(b)(6) provides that, in response to a claim for relief, a party may assert a defense of "failure to state a claim upon which relief can be granted" by way of motion. Whether a party has sufficiently stated a claim for relief is viewed in light of FED. R. CIV. P. 8. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to Rule 8, a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard under Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-

---

[1] A factual attack is not applicable in this case.

3

me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). The court must engage in a two-step procedure to determine the plausibility of a claim. *Id.* at 678–79. First, the court must weed out the legal conclusions—that is "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements"—in the pleading that are not entitled to a presumption of truth. *Id.* at 678. Second, the court should presume the remaining factual allegations are true and determine whether the claim is plausible. *Id.* at 679.

A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The court must "draw on its judicial experience and common sense" to determine the plausibility of a claim given the specific context of each case. *Id.* at 679.

## III.   DISCUSSION

Defendants (A) move to dismiss the WARN Act claim on the grounds that it does not apply to Guam; (B) alternatively, move to dismiss the WARN Act claim against Defendant Mathews Pothen because he does not meet the WARN Act's definition of "employer;"[2] and (C) move to dismiss the gross negligence claim against both Defendants because Plaintiffs have failed to state a claim for gross negligence.

### A.  WARN Act's Applicability to Guam.

The Organic Act of Guam originally provided that no law of the United States was

---

[2] Plaintiffs assert that Defendants' Motion to Dismiss is procedurally inappropriate. Plaintiffs filed the Complaint on January 31, 2014. ECF No. 1. Defendants filed the Motion on April 16, 2014. *See* ECF No. 16. Rule 12 of the Federal Rules of Civil Procedure provides that in general, the time in which a defendant must serve a claim to relief, including a defense of failure to state a claim, is within 21 days after being served with the summons and complaint. *See* FED. R. CIV. P. 12(a)(1)(A)(i) & (b). However, Plaintiffs failed to effectuate proper service of the summons and Complaint upon Defendants until March 26, 2014. *See* ECF Nos. 12 & 13. Defendants filed the Motion to Dismiss within 21 days of proper service. Therefore, the Motion to Dismiss was timely.

enforceable in Guam without an explicit act of Congress referencing Guam by name, or making reference to "possessions" of the United States. 48 U.S.C. § 1421c(b)(repealed 1968). Congress repealed this requirement when it passed Public Law 90-497, the "Guam Elective Governor Act." Pub. L. No. 90-497 § 7, 82 Stat. 842, 847 (1968). However, Defendants assert that it was Congress' intent that at least some federal laws require internal definitions of "State" to explicitly include Guam, and that the WARN Act is among these laws.[3]

The WARN Act itself does not define the term "State." Per the WARN Act, Congress tasked the Secretary of Labor ("the Secretary") with prescribing such regulations "as may be necessary to carry out this chapter." 29 U.S.C. § 2107. The Secretary of Labor prescribed a definition of "State" for the purposes of the WARN Act, which "includes the 50 States, the District of Columbia, the Commonwealth of Puerto Rico, and the U.S. Virgin Islands." 20 C.F.R. § 639.3(l).

When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). First is the question of whether Congress has directly spoken to the precise question at issue, and if so, that is the end of the matter; the court must give effect to the unambiguously expressed intent of Congress. *Id.* at 842–43. If, however, the statute is silent or ambiguous with respect to the specific issue, as is the present case, the question for the court is whether the agency's regulation is based on a permissible construction of the statute. *Id.* at 843.

The agency's regulation is based on a permissible construction of the statute if it "represents a reasonable accommodation of conflicting policies that were committed to the agency's care by the statute." *Id.* at 845 (internal quotations omitted). If such is the case, the court "should not disturb it unless it appears from the statute or its legislative history that the

---

[3] *See, e.g.*, 10 U.S.C. § 335 (for purposes of Chapter 15 of the General Military Law (Insurrection), the term "State" includes Guam and the Virgin Islands).

accommodation is not one that Congress would have sanctioned." *Id.* (internal quotations omitted).

Defendants contend that the omission of Guam from the definition of "State" indicates that Congress, and the Secretary, intended that the WARN Act not apply to Guam. However, Defendants overlook the Secretary's use of the word "includes" in the definition of "State." 20 CFR § 639.3(l).

Use of the word "includes" in definitive provisions of statutes and other writings "does not connote limitation," and is frequently, if not generally "used as a word of extension or enlargement rather than as one of limitation or enumeration." *Federal Trade Com'n v. MTK Marketing, Inc.*, 149 F.3d 1036, 1040 (9th Cir. 1998) (*quoting In re Yochum*, 89 F.3d 661, 668 (9th Cir. 1996) (citations and internal quotations omitted)). Because the regulation's definition of "State" only "includes" the 50 States, the District of Columbia, the Commonwealth of Puerto Rico, and the U.S. Virgin Islands, it does not limit the statute's application only to these states and territories. Therefore, this court finds that the regulatory definition of "State" includes non-enumerated territories, such as Guam.

The court will leave this regulation in place unless an examination of the statute or its language illustrates that this is contrary to the intent of Congress. *Chevron, U.S.A., Inc.*, 467 U.S. at 844–45. If an act illustrates a central purpose to exert all the power Congress possessed in respect of the subject matter, then a court will deduce that Congress intended the act to apply to the territory at issue. *U.S. v. Standard Oil Co. of Cal.*, 404 U.S. 558, 559 (1972) (employing this standard, the Supreme Court concluded that the Sherman Act was applicable to American Samoa, which was an unincorporated territory not enumerated in the statute); *see also Micronesian Telecommunications Corp. v. NLRB*, 820 F.2d 1097, 1100 (9th Cir. 1987) amended, (9th Cir. Sept. 2, 1987) (the National Labor Relations Act, which was "intended by Congress to

6

encompass the full extent of Congress' power to regulate commerce," was applicable to the Northern Mariana Islands, despite the fact that the Northern Mariana Islands were not among the territories enumerated in the statute).

In the present case, the WARN Act illustrates a central purpose to exert all the power Congress possessed in respect of requiring employers to supply notice in advance of plant closings and mass layoffs. The Senate Majority Leader described the WARN Act as "[o]ne of the most important" measures enacted in the 100th Congress, with "[a]merican workers and jobs . . . at the heart" of the measure. 134 Cong. Rec. S16450-01 (daily ed. Oct. 18, 1988) ("The 100th Congress—A Congress of Achievement"), 1988 WL 181589.

Further, the WARN Act states that its purpose is to provide "protection to workers, their families, and communities" through its requirements. 20 C.F.R. § 639.1(a). The advance notice required by the WARN Act before plant closings and mass layoffs:

> "provides workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market."

*Alarcon v. Keller Indus., Inc.*, 27 F.3d 386, 388 (9th Cir. 1994) (quoting 20 C.F.R. § 639.1(a)).

In light of the central purpose of the WARN Act to exert all the power Congress possessed in respect of the subject matter, this court concludes that Congress did not intend to exclude Guam from the protections of the WARN Act. Therefore, the Secretary's expansive definition of "State," is not contrary to the intent of Congress, and Guam, although not enumerated, is a "State" for purposes of the WARN Act. Because the court finds that the WARN Act applies to Guam, the court DENIES the Defendants' Motion to Dismiss Complaint and Memorandum Pursuant to Rule 12(b)(1).

7

**B. Definition of "Employer" Under the WARN Act.**

In the Complaint, Plaintiffs claim that they "have been damaged by defendants' acts and conduct constituting violations of WARN." Compl. ¶ 40. Therefore, the Complaint appears to assert a WARN Act claim against Defendant Mathews Pothen individually.

The WARN Act defines an "employer" as any business enterprise with either: (1) 100 or more employees, excluding part-time employees; or (2) 100 or more employees who in the aggregate work at least 4,000 hours per week, excluding overtime hours. 29 U.S.C. § 2101(a)(1). Although the Ninth Circuit has not ruled on this issue, several district courts have held that this definition does not include individual employers. *See, e.g.*, *Cruz v. Robert Abbey, Inc*., 778 F. Supp. 605, 608 (E.D.N.Y. 1991); *Marques v. Telles Ranch, Inc*., 1994 WL 392232, at *2 (N.D. Cal. 1994); *Carpenters Dist. Council v. Dillard Dep't Stores*, 778 F. Supp. 297, 316 (E.D. La. 1991) *aff'd in part and rev'd in part*, 15 F.3d 1275 (5th Cir. 1994).

Plaintiffs seek leave to amend the Complaint to remove the WARN Act claim against Defendant Mathews Pothen, and Defendants agree that leave to amend the Complaint is the best course of action. The court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Therefore, the court hereby DENIES the Motion to Dismiss as it pertains to the WARN Act claim against Defendant Mathews Pothen and GRANTS leave to Plaintiffs to amend the Complaint accordingly.

**C. Gross Negligence Claim.**

Defendants urge this court to dismiss the claim for gross negligence alleged against them for multiple reasons: because the WARN Act's exclusive remedies do not provide for such damages; because Plaintiffs did not plead that the court has supplemental jurisdiction over the claim; and because Plaintiffs have failed to state a claim for gross negligence. Each will be examined in turn.

8

First, the WARN Act itself does not bar Plaintiffs from alleging a gross negligence claim. The WARN Act states that the rights and remedies provided to employees are *in addition* to any other contractual or statutory rights and remedies of employees. 29 U.S.C. § 2105 (emphasis added).

Second, this court will not dismiss Plaintiffs' gross negligence claim merely because they failed to plead in the Complaint the grounds of the court's jurisdiction over the claim. To dismiss the claim for failure to plead its jurisdiction is improper.[4]

Third, the court does not need to decide whether Plaintiffs' gross negligence claim is barred under FED. R. CIV. P. 12(b)(6) at this time. In the Supplemental Response to Defendants' Reply, Plaintiffs contend that the Complaint alleges facts that support a cause of action against Defendants under the law of Guam regarding negligence *per se*. Plaintiffs have not plead a negligence *per se* claim in the Complaint. Further, it is unclear whether Plaintiffs intend to continue forward with a gross negligence claim or replace it with a negligence *per se* claim.

In order for Plaintiffs to clarify their intent in proceeding with either the gross negligence or negligence *per se* claims, they must amend the Complaint. When a case has progressed as far as the present case, a party may amend its pleading only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2). As previously mentioned, "[t]he court should freely give leave [to amend] when justice so requires," *Id.* The Ninth Circuit Court of Appeals has noted that "[r]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *See, e.g.*, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotations omitted). This liberality in granting leave to amend is, however, generally subject to several factors used to determine the propriety of a motion for

---

[4] However the court agrees with Defendants that the Complaint must contain a jurisdictional statement and orders Plaintiffs to amend the Complaint and plead a statement of the grounds for the court's jurisdiction over the claim sufficient to satisfy FED. R. CIV. P. 8(a)(1).

9

leave to amend. These factors include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

In the present case, there is no evidence of bad faith on the part of Plaintiffs in failing to plead a negligence *per se* claim against Defendants, nor would an amendment cause undue delay or be futile. It is just the opposite, as an amendment to the Complaint, which will be the first amendment, will serve to make clear to the court and opposing counsel whether Plaintiffs' theory of recovery is gross negligence or negligence *per se*. Finally, there is no prejudice to the opposing party, as Defendants were aware that Plaintiffs were pleading one type of negligence, so pleading another type of negligence in its stead would not be prejudicial.

Therefore, the court DENIES the Motion to Dismiss as it pertains to the gross negligence claim, and hereby GRANTS Plaintiffs leave to amend the Complaint to clarify their negligence claim.

### IV.    CONCLUSION

Based on the discussion above, the court hereby **DENIES** Defendants' Motion to Dismiss and Motion to Dismiss Complaint and Memorandum Pursuant to Rule 12(b)(1), and **GRANTS** Plaintiffs leave to amend the Complaint in accordance with this order. The Amended Complaint shall be filed no later than fourteen days from the date of this order.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Mar 25, 2016**