1

2

3

4

5

6                    **THE DISTRICT COURT OF GUAM**

7

8   RUSS CARLBERG, ROEL D. DACASIN,              CIVIL CASE NO. 14-00002
    REYNALDO S. GALVEZ, DELMARIO R.
9   CORTEZ, and GARY CHANG,
                                                **DECISION AND ORDER GRANTING**
10              Plaintiffs,                      **DEFENDANTS' MOTION TO DISMISS**
                                                **PLAINTIFFS' SECOND AND THIRD**
11       vs.                                     **CAUSES OF ACTION AND STRIKING**
                                                **PLAINTIFFS' CLAIM FOR PUNITIVE**
12  GUAM INDUSTRIAL SERVICES                     **DAMAGES**
    dba GUAM SHIPYARD and
13  MATHEWS POTHEN, Personally,

14              Defendants.

15          Before the court is Guam Industrial Services dba Guam Shipyard ("Guam Shipyard") and

16  Mathew Pothen's ("Pothen") (collectively "Defendants") Motion to Dismiss the Amended

17  Complaint's second and third causes of action for gross negligence and negligence per se, and to

18  strike Plaintiffs' request for punitive damages.  Mot. Dismiss, ECF No. 101.  After reviewing the

19  parties' submissions, and relevant caselaw and authority, and having heard argument from

20  counsel on the matter, the court hereby **GRANTS** Defendants' Motion, and **STRIKES**

21  Plaintiffs' request for punitive damages

22                          **I.      BACKGROUND**

23  **A.  Procedural History.**

24          On January 31, 2014, Russ Carlberg, Roel D. Dacasin, Reynaldo S. Galvez, Delmario R.

                                    1

Cortez, and Gary Chang ("Plaintiffs") filed a Class Action Complaint ("Complaint") alleging two causes of action: (1) a claim for relief under the Worker Adjustment and Retraining Notification Act ("WARN Act" or "Act"), 29 U.S.C. §§ 2101-2109, and (2) gross negligence. Compl. at ¶¶ 1, 24-45, ECF No. 1. Plaintiffs' prayer for relief sought "lost wages and benefits in an amount exceeding . . . $2,000,000.00[] with interest and costs." Compl. ¶ 46. Plaintiffs also sought "punitive damages in the amount of three . . . times actual damages but in no event less than . . . $6,000,000.00[]." Compl. ¶ 46, ECF No. 1.

On March 20, 2014, Plaintiffs filed a Request for Entry of Default. Req. Entry of Default, ECF No. 5. Defendants opposed the request on March 25, 2014, arguing that Plaintiffs "failed to effectuate proper service upon Defendants." Not. Obj. Req. Entry of Default, App. at 1-2, ECF No. 8. This court denied entry of default on March 26, 2014, because the summonses did not comply with Federal Rule of Civil Procedure (FRCP) 4(a). Order, ECF No. 10.

## 1. Defendants' First Motion to Dismiss Pursuant to FRCP 12(b)(6).

On April 16, 2014, Defendants filed their first Motion to Dismiss pursuant to FRCP 12(b)(6). Mot Dismiss (Apr. 16, 2014), ECF No. 16. Defendants first contended that the WARN Act claim against Defendant Pothen failed because he was not an employer within the meaning of the WARN Act. *Id.* at 2. Next, Defendants asserted that the gross negligence claim merely restated the Warn Act Claim, which "amount[ed] to a prohibited claim for punitive damages under WARN." *Id.* at 2, 8. Finally, Defendants challenged this court's subject matter jurisdiction over the gross negligence claim because it did not arise under federal law. *Id.* at 14.

Plaintiffs opposed the Motion on May 30, 2014, arguing (1) that Defendants waived their ability to file a FRCP 12(b)(6) Motion, (2) that their claims met FRCP 8's pleading requirements, (3) that gross negligence was properly pled, and (4) that this court had supplemental jurisdiction over Plaintiffs' gross negligence claim. *See* Opp'n Mot. Dismiss (May

2

30, 2014) at 2-9, ECF No. 27. Plaintiffs conceded that a WARN Act claim could not be substantiated against Pothen personally, and also that the WARN Act does not provide for punitive damages, but stressed that a claim for gross negligence allows the recovery of punitive damages. *Id.* at 6-7.

Defendants filed a Reply on June 16, 2014. Reply (June 16, 2014), ECF No. 30. Defendants reiterated their initial arguments, but also raised, for the first time, arguments that the gross negligence claim should be dismissed because Plaintiffs (1) failed to articulate a legal duty recognized by the courts of Guam and (2) failed to allege sufficient facts that state a gross negligence claim. *Id.* at 4-8. The Reply also asked this court to decline supplemental jurisdiction over the gross negligence claim because it was a novel and complex issue of first impression for Guam under 13 U.S.C. § 1367(c)(1). *Id.* at 8. Defendants also suggested that Plaintiffs amend their WARN Act claim to omit references to Pothen personally, and objected to any assertion that Defendants waived their right to an FRCP 12(b)(6) motion. *Id.* at 10-12.

### 2. Supplemental Briefing on Defendants' First Motion to Dismiss Pursuant to FRCP 12(b)(6).

On August 11, 2014, this court ordered supplemental briefing on the issues of whether "Plaintiffs (1) failed to articulate a legal duty recognized by the courts of Guam and (2) failed to allege sufficient facts that state a gross negligence claim." Order at 1, ECF No. 31 (citation omitted). Plaintiffs' Supplemental Response to Defendants' Reply was filed on September 10, 2014, and asserted that Defendants' duty was conferred by the WARN Act through the doctrine of negligence per se, and existed by virtue of Defendants' "fiduciary duty" to Plaintiffs. Supp. Response to Reply at 2-5, ECF No. 37 (citations and internal quotation marks omitted). Additionally, Plaintiffs contended that their negligence claim was permitted due to Plaintiffs' right to common law remedies against Defendants for willful or wanted acts. Supp. Response to Reply at 2-5, ECF No. 37 (citations and internal quotation marks omitted). Plaintiffs also

3

requested the issue regarding the legal duty owed by Defendants to Plaintiffs to be certified to the Supreme Court of Guam, and urged that they sufficiently pleaded gross negligence. *Id.* at 5-7.

Defendants filed their Reply to Plaintiffs' Supplemental Response on October 15, 2014, arguing that no caselaw supports the existence of the duties alleged by Plaintiffs, that Plaintiffs' "fiduciary duty" argument was misplaced, and that Plaintiffs' claim could not be saved by virtue of turning to a negligence per se argument because Plaintiffs did not plead the elements of negligence per se. Def's Reply to Pl's Supp. Briefing 3-7, ECF No. 67. Moreover, Defendants reiterated that this court decline supplemental jurisdiction over either a gross negligence or negligence per se claim because those claims are novel and complex issues of state law, and asserted the WARN Act claim against Pothen failed because he is not an "employer" for purposes of the WARN Act. *Id.* at 7-9.

**3. Defendants' Second Motion to Dismiss Pursuant to FRCP 12(b)(6).**

On September 9, 2014, Defendants filed a Motion to Dismiss pursuant to FRCP 12(b)(1), maintaining that the WARN Act is inapplicable to Guam. Mot. Dismiss (Sept. 9, 2014) at 2, ECF No. 35. Plaintiffs opposed the Motion on October 7, 2014, contending that the statutory language, corresponding regulations, history, and purpose of the WARN Act all mandated its application to Guam. Opp'n to Rule 12(b)(1) Motion at 1 (Oct. 7, 2014), ECF No. 64. Defendants' Reply was filed on November 4, 2014, reiterating that the Act refers only to the 50 states and not to the U.S. territories. Reply at 3 (Nov. 4, 2014), ECF No. 76.

**4. This Court's Order on Defendants' First and Second Motions to Dismiss.**

On March 25, 2016, this court issued an Order addressing Defendants' first Motion to Dismiss (pursuant to FRCP 12(b)(6)) and their second Motion to Dismiss (pursuant to FRCP (12(b)(1)). Order, ECF No. 92. This court first determined it had subject matter jurisdiction

4

over Plaintiffs' WARN Act claim because the WARN Act is applicable to Guam. *Id.* at 7. Second, the court granted Plaintiffs' leave to amend their Complaint to remove the WARN Act claim against Pothen. *Id.* at 8. Finally, this court did not reach the merits of Defendants' arguments regarding the absence of duty for negligence purposes, but rather ordered "Plaintiffs to clarify their intent in proceeding with either the gross negligence or negligence per se claims" by amending their Complaint. *Id.* at 9-10.

### 5. Plaintiffs' Amended Complaint and Defendants' Third Motion to Dismiss Pursuant to FRCP 12(b)(6).

On April 9, 2016, Plaintiffs filed an Amended Class Action Complaint and Jury Demand. Am. Compl., ECF No. 98. The Complaint sets forth three causes of action: (1) a "Claim for Relief Under WARN Against Defendant Guam Shipyard;" (2) a claim for "Gross Negligence Against Defendants Guam Shipyard and Mathews Pothen," and (3) a claim for "Negligence Per Se Against Defendants Guam Shipyard and Mathews Pothen." *Id.* at ¶¶ 25-59 (emphasis omitted). Like the initial Complaint, the prayer for relief in the Amended Complaint seeks "lost wages and benefits in an amount exceeding . . . $2,000,000.00[] with interest and costs," and "punitive damages in the amount of three . . . times actual damages but in no event less than . . . $6,000,000.00[]." Am. Compl. at 13, ECF No. 98.

Defendants moved to dismiss the Amended Complaint on April 22, 2016. Mot. Dismiss, ECF No. 101. Plaintiffs opposed the motion on May 27, 2016. Opp'n, at 2-13, ECF No. 107. Defendants filed their Reply on June 17, 2016. Reply, ECF No. 110

### B. Factual Background.

Plaintiffs were former full-time employees of Defendant Guam Shipyard, and worked at Guam Shipyard's ship repair facility located at Apra Harbor in Santa Rita, Guam. Am. Compl. at ¶¶ 11–16, ECF No. 98.

Guam Shipyard employed more than 100 full-time employees as of October 15, 2013,

5

and performed "general pier-side ship repair and dry docking [activities] for various customers including the United States Navy and other clients such as Military Sea Lift Command." *Id.* at ¶ 17. Additionally, Guam Shipyard provided "other industrial and technical operations throughout Guam," including servicing air conditioning compressors and condensers, piping and ventilation systems, and maintaining alarm systems. *Id.* ¶¶ 16–22. Defendant Mathews Pothen is the President of Guam Shipyard. *Id.* ¶ 24.

On or about March 20, 2013, the Military Sealift Command ("MSC") provided notice that it intended to issue a ship repair solicitation as part of solicitation number N00033-13-R-7509, to issue a ship repair solicitation under which the former Ship Repair Facility ("SRF") Guam would be provided as Government Furnished Property. *Id.* ¶ 28. At the time of the solicitation notice, Guam Shipyard operated at the SRF repairing ships, and submitted a bid for solicitation number N00033-13-R-7509. *Id.* ¶ 29. Plaintiffs allege that Guam Shipyard failed to "inform, warn, discuss, or otherwise communicate to Plaintiffs that their continued employment was at risk due to the issuance of the solicitation." *Id.* ¶ 30.

On October 11, 2013, MSC awarded solicitation number N00033-13-R-7509 to Cabras Marine Corporation ("Cabras") rather than Guam Shipyard, and Cabras received a $77,956,324.10 contract. *Id.* ¶ 33.

On the morning of October 15, 2013, Plaintiffs and other employees received written notices notifying them that they were terminated effective immediately. *Id.* ¶ 34, Ex. A (Notification of Personnel Action Form, Oct. 15, 2013). The Personnel Action Form indicated that the reason for the termination was MSC's decision not to award the ship repair services contract to Guam Shipyard. *Id.*

Plaintiffs assert that most nonessential personnel did not receive that day's wage and were given approximately one hour to remove their personal belongings from the premises. Am.

6

Compl. ¶ 34. Although Defendant Guam Shipyard terminated numerous local employees, it retained its H-2[1] labor force. *Id.* at ¶ 35. There was a 60-day transition period "between the award of the contract and the shift of work at the SRF to Cabras Marine Corporation." *Id.* ¶ 39.

Guam Shipyard continues to perform ship repair work for the MSC under an Indefinite Delivery Indefinite Quantity contract that expires in June 2017. *Id.* ¶ 40.

## II. APPLICABLE LEGAL STANDARDS

### A. Motion to Dismiss For Failure to State a Claim.

FRCP 12(b)(6) provides that, in response to a claim for relief, a party may move the court to dismiss that claim for "failure to state a claim upon which relief can be granted." FRCP 12(b)(6).

Whether a party has sufficiently stated a claim for relief is viewed in light of FRCP 8. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under Rule 8, a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). The pleading standard under Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). The court must engage in a two-step procedure to determine the plausibility of a claim. *Id.* at 678–79. First, the court must weed out the legal conclusions—that is "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements"—in the pleading that are not entitled to a presumption of truth. *Id.* at

---

[1] The H-2B program provides for the admission of temporary nonimmigrant aliens to perform temporary nonagricultural labor or services in the United States.

678. Second, the court should presume the remaining factual allegations are true and determine whether the claim is plausible. *Id*. at 679.

A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). The court must then "draw on its judicial experience and common sense" to determine the plausibility of a claim given the specific context of each case. *Id*. at 679.

## III. DISCUSSION

Defendants moved to dismiss the Amended Complaint on April 22, 2016. Mot. Dismiss, ECF No. 101. The third Motion to Dismiss (pursuant to FRCP 12(b)(6)) contends: (1) that this court should dismiss both Plaintiffs' negligence claims for failure to establish that Defendants owed them a duty for the complained of harm under Guam statutory and decisional law restricting tort claims by "at-will" employees; (2) that alter-ego allegations against Pothen were insufficiently pleaded; (3) that Plaintiffs' claims for punitive damages should be dismissed, because the WARN Act does not provide for such damages; and (4) that the court should decline to assert supplemental jurisdiction over gross negligence or negligence per se claims if those claims survive, because they are novel and complex issues of local law. *Id*. at 3-13.

Plaintiffs opposed the motion on May 27, 2016, asserting that (1) Plaintiffs' claims are sufficiently pleaded for FRCP 8 purposes, (2) Defendants improperly rely on summary judgment principles for FRCP 12(b)(6) purposes, (3) Defendants' reliance on "at-will" principles ignores the public policy exception to the general rule prohibiting such claims, (4) Plaintiffs can rely on the WARN Act to establish Defendants' duty for negligence per se purposes, (5) Plaintiffs have sufficiently pled alter-ego liability of Pothen, or alternatively, that they should be permitted leave to amend their Amended Complaint to address any deficiency, and (6) their claim for punitive

8

damages is proper because the WARN Act does not restrict their right to recover remedies in addition to those conferred by the WARN Act.  Opp'n, at 2-13, ECF No. 107.

Defendants filed their Reply on June 17, 2016.  Reply, ECF No. 110.  In their Reply, Defendants analogize Plaintiffs' claims to one of "negligent discharge" even though Plaintiffs seek to couch their true claim under new and novel theories of "gross negligence" and "negligence per se."  *Id.* at 2-6  They also stress that a defendant owes no duty to exercise care in terminating an "at-will" employee under the laws of Guam or any other state or federal jurisdiction.  *Id.* at 2-4.  Second, Defendants contend that Guam's public policy exception is inapplicable because this case is "entirely dissimilar from the types of claims permitted by Guam's public policy exception."  *Id.* at 6-7 (citations omitted).  Third, Defendants reiterate their argument that Plaintiffs failed to plead facts sufficient to pierce the corporate veil.  *Id.* at 9.  Finally, Defendants reaffirm their assertion that the WARN Act does not permit punitive damages.  *Id.* at 9-10.

Each argument will be addressed in turn.

**A. Failure to State Claims for Gross Negligence and Negligence Per Se as a Matter of Law.**

Plaintiffs assert two theories of negligence in their Amended Complaint: gross negligence, and negligence per se.  Am. Compl. at ¶¶ 43-59, ECF No. 98.  The Supreme Court of Guam has not affirmatively recognized individual tort claims for either a gross negligence[2] or

---

[2] Black's Law Dictionary has explained that "[t]he difference between *gross negligence* and *ordinary negligence* is one of degree and not of quality. Gross negligence is traditionally said to be the omission of even such diligence as habitually careless and inattentive people do actually exercise in avoiding danger to their own person or property." NEGLIGENCE, Black's Law Dictionary (10th ed. 2014).

In interpreting California law, the Southern District Court of California similarly characterized "ordinary negligence" as "'consist[ing] of a failure to exercise the degree of care in a given situation that a reasonable person under similar circumstances would employ to protect others from harm,' whereas gross negligence requires 'a want of even scant care or an extreme departure from the ordinary standard of conduct.'" *Wallace v. Busch Entm't Corp.*, 837 F. Supp. 2d 1093, 1101 (S.D. Cal. 2011).  (quoting *City of Santa Barbara v. Superior Court*, 41 Cal. 4th 747, 753-54 (Cal. 2007)).

9

negligence per se theory, but has articulated the relevant elements for a common law negligence claim. To recover under a theory of negligence under Guam law, a plaintiff must establish "the existence of a duty, the breach of such duty, causation and damages." *Guerrero v. McDonald's Int'l Prop. Co.*, 2006 Guam 2 ¶ 9 (citing *Leon Guerrero v. DLB Constr. Co.,* 1999 Guam 9 ¶ 14). Plaintiffs' gross negligence and negligence per se claims will be assessed through this framework.

### 1. Gross Negligence.

A plaintiff's claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Contrary to Plaintiffs' assertions, the liberal pleading standards of FRCP 8 do not forestall their obligation to articulate facts showing that Defendants owed them a duty as a matter of law because duty is an element of a negligence claim. *See id.*; *see also McDonald's Int'l Prop. Co.*, 2006 Guam 2 ¶ 9; Opp'n at 3, ECF No. 107. Thus, to survive Defendants' Motion to Dismiss, Plaintiffs must set forth facts stating an actionable claim for negligence.

The Ninth Circuit has said that "'[t]he threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion. . . . Whether this essential prerequisite to a negligence cause of action has been satisfied in a particular case is a question of law.'" *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1196–97 (9th Cir. 2001) (alterations in original) (quoting *Adelman v. Associated International Insurance Co.*, 108 Cal.Rptr.2d 788, 793 (2001) (interpreting California law)).

Although *Glenn K. Jackson Inc.* involved an interpretation of California law, the Supreme Court of Guam has similarly held that dismissal is an appropriate remedy where a plaintiff fails to prove that defendant owes him a duty, thus obviating any breach of duty. *See*

*Merch. v. Nanyo Realty, Inc.*, 1998 Guam 26 ¶¶ 4, 15 (affirming the trial court's denial of a motion for reconsideration which granted defendant's motion to dismiss).

Thus, this court must determine whether Defendants owed Plaintiffs a duty as a matter of law.

### a. Limitation of Employer Duties for At-Will Employees.

Plaintiffs allege that Defendants "grossly and negligently failed to follow the standard of management and leadership a reasonable mass employer desiring to mass terminate employees would follow." Am. Compl. at ¶ 47, ECF No. 98. The Amended Complaint also contends that "[a] reasonable mass employer, faced with the desire to initiate a mass termination of employees, would provide those employees with prior notice of the impending termination if such notice could reasonably be given." *Id.* at ¶ 48. Additionally, Plaintiffs maintain that Defendants had a duty to provide "advanced notice of a mass termination to the Plaintiffs when such notice could have reasonably been given, and a duty to conduct themselves "in a manner that would have secured an award of solicitation number N00033-13-R-7509." *Id.* at ¶ 49.

Defendants assert that these allegations merely restate the WARN Act's requirements to give notice to their employees. Mot. Dismiss at 4, ECF No. 101. Furthermore, Defendants argue that because Plaintiffs have failed to allege that Plaintiffs were under any contract, they were presumably at-will employees. *Id.*[3] Plaintiffs do not dispute that they were at-will employees.

The Supreme Court of Guam has stated that "[u]nder Guam law, '[a]n employment, having no specified term, may be terminated at the will of either party, on notice to the other.'" *Quijano v. Atkins-Kroll, Inc.*, 2008 Guam 14 ¶ 7 (second alteration in original) (footnote

---

[3] Defendants contend that the notice provided to plaintiffs satisfied the notice requirement imposed by 18 GCA § 55404 for at-will employees. Mot. Dismiss at 4, ECF No. 101; *see also* Am. Compl. at Ex. A (Notification of Personnel Action Form), ECF No. 98.

omitted) (quoting 18 G.C.A. § 55404 (2005)).[4]

There exists a presumption that the at-will employment doctrine precludes employer liability for termination exists because "'courts have not deemed it to be their function, in the absence of contractual,[5] statutory or public policy considerations, to compel a person to accept or retain another in his employ, nor to compel any person against his will to remain in the employ of another.'"  *Id.* (quoting *Consol. Theatres, Inc. v. Theatrical Stage Employees Union*, 447 P.2d 325, 336 n.12 (Cal. 1968)).  Rather, courts "'have consistently held that in such a confidential relationship, the privilege [to terminate] is absolute, and the presence of ill will or improper motive will not destroy it.'"  *Id.* (alteration in original).  Consequently, "'[i]n an at-will employment relationship, either the employer or the employee may terminate the relationship at any time, for any reason or for no reason at all.'"  *Id.* (alteration in original) (quoting *Boone v. Frontier Refining, Inc.*, 987 P.2d 681, 685 (Wyo. 1999)).

Likewise, the Supreme Court of Guam has held that a claim for "negligent discharge would not be . . . actionable . . . absent an employment agreement."  *Id.* at ¶ 2 n.2 (citing *Huegerich v. IBP, Inc.*, 547 N.W.2d 216, 220 (Iowa 1996) ("joining the majority of jurisdictions in 'reject[ing] negligent discharge as an exception to the employment at-will doctrine'"

---

[4] Defendants also highlight that Guam "corporation[s have] the power . . . [t]o appoint and dismiss such subordinate officers or agents as the business or welfare of the corporation may demand, and to allow such subordinate officers and agents suitable compensation."  18 G.C.A. § 4101(f).  This statute grants corporations the right to hire and fire employees for business purposes with minimal restrictions.  *See* Mot. Dismiss at 5, ECF No. 101.  There are some business related restrictions upon employers in Guam found in certain statutes, but these states do not place limitations on firing at-will employees.  *See* 22 G.C.A. § 3101-3121 (mandatory minimum wages); 22 G.C.A. § 3223 (prohibition on employer preference for non-immigrant workers); 22 G.C.A. § 3301-3306 (prohibition on discrimination based on age or sex); 22 G.C.A. § 3401-3405 (mandatory leave for victims of violence); 22 G.C.A. § 3501 (protections for employee privacy); 22 G.C.A. § 9101-9145 (comprehensive worker's compensation scheme providing "the exclusive remedy for injuries sustained by the negligence of another person in the same employ as the injured employee.").  *Gibbs v. Holmes*, 2001 Guam 11 ¶ 14 (quoting 22 G.C.A. § 9135 (1996)).

[5] The Supreme Court of Guam has opined that "any action between employees and employers 'will to some extent . . . emanate from the parties' contract.'"  *Nat'l Union Fire Ins, Co. of Pittsburgh, Pa. v. Guam Hous. & Urban Renewal Auth.*, 2003 Guam 19 ¶ 45 (quoting *New Madrid Cty. Reorganized Sch. Dist. No. 1, Enlarged v. Cont'l Cas. Co.*, 904 F.2d 1236, 1241 (8th Cir. 1990)).  Notably, there is no contract between Defendants and Plaintiffs in this case.

12

(alteration in original)).[6] In *Huegerich*, cited with approval by the Supreme Court of Guam in *Quijano*, the Iowa court observed that "recogniz[ing] a theory of negligent discharge would require the imposition of a duty of care upon an employer when discharging an employee. Such a duty would radically alter the long recognized doctrine allowing discharge for any reason or no reason at all." 547 N.W.2d at 220–21. Thus, the court rejected negligent discharge as an exception to the at-will employment doctrine, reversing the trial court's negligent discharge judgment. *Id.*

Plaintiffs acknowledge that a claim for negligent discharge, absent an employment agreement, is not actionable under Guam law. Opp'n at 6 n.1, ECF No. 107 (citing *Quijano*, 2008 Guam 14 ¶ 2 n.2). Yet Plaintiffs claim that their claims for gross negligence and negligence per se are distinguishable from a claim for negligent discharge. *Id.* Despite this assertion, Plaintiffs offer no caselaw, from any state or federal jurisdiction, recognizing gross negligence or negligence per se claims independent from the negligent discharge claim rejected by Guam.[7]

---

[6] The Supreme Court of Guam further stated that "relevant case law supports the notion that a 'covenant of good faith and fair dealing . . . cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.'" *Quijano*, 2008 Guam 14 ¶ 2 n.2 (quoting *Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1110 (Cal. 2000)).

[7] Defendants, on the other hand, provide extensive citations to jurisdictions concluding no duty of care is owed in terminating an at-will employee. Mot. Dismiss at 7 (citing *Perry v. Am. Home Prod. Corp.*, No. CIV.A. 3:96CV595, 1997 WL 109658, at *9 (E.D. Va. Mar. 4, 1997) (citations omitted) (holding that requiring reasonable notice to an at-will employee prior to termination would "effectively eviscerate the at-will doctrine itself."); *see also Finkle v. Majik Mkt.*, 628 So. 2d 259, 261–62 (La. Ct. App. 1993) (finding Louisiana's at-will statute, which is similar to Guam's, mandates that "[w]here there is no specific contract between the employee and employer, the employee is at-will and may be terminated for any reason, at any time, without the notice requirement." (citations omitted)); *Carlson v. Arnot-Ogden Mem'l Hosp.*, 918 F.2d 411, 414 (3d Cir. 1990) (holding that "[w]here an employment contract is at-will, there is no requirement of notice," but noting a specified duration can remove employment from being "at-will" (citations omitted)); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994) ("No Mississippi appellate court decision has been cited to us, nor have we found one, requiring notice before discharging an at will employee.").

Defendants' Reply cites additional cases holding that no duty of care is owed in terminating an at-will employee. Reply at 3-4, ECF No. 110 (citing *Vasile v. Flagship Fin. Grp., LLC*, No. 2:12-CV-02912-KJM, 2013 WL 4482914, at *9 (E.D. Cal. Aug. 19, 2013) (under California law, "[p]laintiffs' negligence claim does not survive against any defendant because the court declines to recognize the novel tort of negligence in at-will employment based on allegations of refusal to pay wages and wrongful termination."); *see also Engstrom v. John Nuveen & Co.*,

Instead, Plaintiffs seek to distinguish *Quijano* on the grounds that the case did not involve mass termination or claims for negligence. *Id.* This argument does not address Guam's rejection of negligent discharge. Additionally, Plaintiffs attempt to invoke the "public policy exception" to the at will-employment doctrine. *Id.* at 6-9.

### b. Public Policy Exception.

The Supreme Court of Guam has recognized some exceptions to the at-will employment doctrine "even in the absence of express employment agreements." *Quijano*, 2008 Guam 14 ¶ 8 (citation omitted); *see also Edgar Ramos v. Docomo Pacific, Inc.*, 2012 Guam 20 ¶ 2 (holding that interests of public policy could provide an exception to the at-will doctrine). For a plaintiff to successfully meet the "high burden" of the public policy exception, the employee must prove that there is:

1. [A] clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element);

2. [D]ismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element);

3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element); and

4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element).

*Ramos*, 2012 Guam 20 ¶¶ 2, 26 (alterations in original) (quoting Henry H. Perritt, Jr., *The Future of Wrongful Dismissal Claims: Where Does Employer Self Interest Lie?*, 58 U. Cin. L. Rev. 397,

---

668 F. Supp. 953, 958 (E.D. Pa. 1987) ("Pennsylvania does not recognize a claim for negligence arising from termination of an at-will employee." (citations omitted)); *Isaac v. Alabanza Corp.*, 2007-Ohio-1396, ¶ 56 (declining to recognize negligent misrepresentation in the at-will employment context). *Gause v. Doe*, 451 S.E.2d 408, 409 (Ct. App. 1994) (holding at-will employee "fail[ed] to meet the first element of a negligence claim."); *Shell Oil Co. v. Humphrey*, 880 S.W.2d 170, 178 (Tex. App. 1994), *writ denied* (Nov. 3, 1994) ("Because we find that [appellant defendant] owed no duty of care to [appellee plaintiff] in the termination of his employment, there can be no liability for gross negligence."); *Vice v. Conoco, Inc.*, 150 F.3d 1286, 1292 (10th Cir. 1998) ("the majority of jurisdictions which have considered whether to impose liability for negligence in the context of employment terminations have declined to do so." (citations omitted)).

14

398–99 (1989)).  The clarity and jeopardy elements set forth in *Ramos* are questions of law, while the causation and overriding justification elements are questions of fact.  *See id.* ¶ 13.  Thus, on a motion to dismiss, only the clarity and jeopardy elements can be considered.

"The first step in determining whether the plaintiff has stated a cause of action for the tort of wrongful discharge in violation of public policy is to ascertain whether a clear, well-recognized public policy exists." *Id.* ¶ 14 (citing *Fitzgerald v. Salsbury Chem., Inc.*, 613 N.W.2d 275, 283 (Iowa 2000)).  This "clarity element, requires close scrutiny of the public policy existing in state or federal law." *Id.*

The Supreme Court of Guam has cautioned that "[t]he clarity element of the *Ramos* test requires that a statute be 'definite enough, in itself, to create a clear, well-recognized public policy to serve as a foundation' for a plaintiff's claim." *Moylan v. Citizens Sec. Bank*, 2015 Guam 36 ¶ 28 (footnote omitted) (citing *Ramos*, 2012 Guam 20 ¶ 16).  Accordingly,

> It is only when a given policy is so obviously for or against the public health, safety, morals or welfare that there is a virtual unanimity of opinion in regard to it, that a court may constitute itself the voice of the community in so declaring.  There must be a positive, well-defined, universal public sentiment, deeply integrated in the customs and beliefs of the people and in their conviction of what is just and right and in the interests of the public weal.

*Ramos*, 2012 Guam 20 ¶ 14 (footnote omitted) (citing *Weaver v. Harpster*, 885 A.2d 1073, 1076 (Pa.Super.Ct.2005), *rev'd*, 975 A.2d 555 (Pa. 2009)).  The court noted that the "[l]aws and regulations promulgated by the Guam Legislature serve as the soundest source for Guam's public policy." *Id.* ¶ 15.

In this case, there are no Guam statutes, administrative rules, or regulations cited by Plaintiffs serving as the basis for the public policy exception.  Instead, Plaintiffs look to the policies underlying the WARN Act itself to serve as the source of the public policy exception.  Opp'n at 7, ECF No. 107.  "The purpose of the WARN Act is to protect employees, their families, and their communities by providing advance notice of impending plant closures and

15

mass layoffs, to facilitate employees' transitions into unemployment, their search for alternative employment, and any training they may need to compete for new employment." *In re Glob. Aviation Holdings, Inc.*, 483 B.R. 54, 59 (Bankr. E.D.N.Y. 2012) (citing 20 C.F.R. § 639.1(a); *Bader v. Northern Line Layers,* 503 F.3d 813, 817 (9th Cir.2007)).

Yet a federal law can serve as the basis of the clarity element only if the Plaintiff shows that "federal law articulates Guam's public policy, and that the court should create a remedy." *Ramos*, 2012 Guam 20 ¶ 17. Although there are laudable public policy considerations behind the WARN Act itself, Defendants counter that the public policy exception is inapplicable to this case because the exception is generally predicated on protecting an employee who was discharged because of something the employee did or failed to do. Reply at 6, ECF No. 10. For example, in *Ramos*, the employee was discharged for reporting his employer's false statements to the Federal Communication Commission ("FCC"). *See Ramos*, 2012 Guam 20 ¶ 1. Similarly, in *Moylan*, the employee was discharged because he disclosed suspected financial abuse against elderly bank patrons to the Guam Banking Commission. *Moylan v. Citizens Sec. Bank*, 2015 Guam 36 ¶¶ 9-20.

This case does not involve a type of "whistleblower" action customarily applied in cases recognizing public policy exception such as *Ramos* or *Moylan*. No recognized public policy exception currently existing in Guam overlaps with the WARN Act.

Furthermore, a "court should not simply rubber stamp federal law as a substitute for state law in providing a basis for public policy." *Ramos*, 2012 Guam 20 ¶ 22. The *Ramos* court rejected FCC protocols as the source of public policy because even though "[r]egulatory compliance with federal protocols is important for all private companies, . . . it does not articulate a deeply integrated custom and belief of Guam's public policy." ¶ 23. Similarly, any attempt to use the WARN Act as the source of the public policy exception in this case would

"swallow[] up the at-will employment doctrine on Guam," and would convert this court to a "quasi-legislative body." *See* Reply at 8, ECF No. 110.

Defendants convincingly argue that violations of the WARN Act do not satisfy the public policy exception to the at-will employment doctrine because this court "should not substitute the intentions of the U.S. Congress for the intentions of the Guam Legislature." *Id.*; *see Bank of Guam v. Reidy*, 2001 Guam 14 ¶ 22 ("an exercise of judicial legislation . . . is clearly not the prerogative of the courts."). Consequently, Defendants' Motion to Dismiss Plaintiffs' gross negligence claim is **GRANTED** because Plaintiffs were at-will employees, and Defendants owed them no duty of care in terminating their employment under Guam law.[8]

## 2. Negligence Per Se.

Plaintiffs' third cause of action maintains that "[t]he Defendants' violation of WARN constitutes negligence per se on the part of Defendants." Am. Compl. at ¶ 57, ECF No. 98; *see also* Opp'n at 9-10, ECF No. 107. According to the Restatement (Second) of Torts, "[t]he standard of conduct of a reasonable man may be (a) established by a legislative enactment or

---

[8] Defendants offer two additional arguments in support of their Motion to Dismiss in passing. First, they contend that Guam Shipyard, as a corporation, owed no duty to its employees related to any allegations of corporate mismanagement because only a shareholder meeting certain requirements has standing to challenge the purported corporate mismanagement described in the Amended Complaint. Mot. Dismiss at 6, ECF No. 101 (citing 18 G.C.A. § 28721); *see also* Am. Compl. at ¶¶ 47-49 (describing the allegedly negligent acts of a mass employer). Plaintiffs offer no authority in opposition to Defendants' assertion that they have no standing to challenge corporate mismanagement.

Second, Defendants' Motion to Dismiss preemptively argued that *Bledsoe v. Emery Worldwide Airlines*, cited by Plaintiffs in the prior Motion to dismiss, is inapplicable. Mot. Dismiss at 9, ECF No. 101 (citing 258 F. Supp. 2d 780, 793 (S.D. Ohio 2003) *aff'd sub nom. Bledsoe v. Emery Worldwide Airlines, Inc.*, 635 F.3d 836 (6th Cir. 2011)). Previously, Plaintiffs argued that the negligence per se duty that Defendants owed them can be likened to the "fiduciary duty" owed by a mass employer to his employees in *Bledsoe. See* Suppl. Reply at 3-4, ECF No. 37. In *Bledsoe*, the court compared the duty owed from a mass employer in the face of a mass termination to a fiduciary duty of an employer to "safeguard the welfare of its employees by giving them at least 60 days' notice of an impending mass layoff or plant closing." 258 F. Supp. 2d at 793. Plaintiffs' argument is improper when the court's statement is placed in context. Specifically, the court in *Bledsoe* was determining if back pay awarded for a claim under the WARN Act was an equitable or legal remedy in nature, analogizing the employer to a "trustee," and the withheld back pay as "funds wrongly managed or withheld by the trustee." *Id.* The purpose of the court's discussion was to hold that Plaintiffs were not entitled to a jury trial because the WARN Act is equitable rather than legal in nature. *Id.* Despite their prior reliance on this argument, Plaintiffs did not address this distinction in their Opposition to the pending Motion to Dismiss.

administrative regulation which so provides, or (b) adopted by the court from a legislative enactment or an administrative regulation which does not so provide." Restatement (Second) of Torts § 285(b) (1965).[9]  In other words, the duty or "obligation may be imposed by statute, contract, or court-made law" for negligence purposes.  *See Fuhrer v. Gearhart by the Sea, Inc.*, 306 Or. 434, 438-39 (1988).

No decision by the Supreme Court of Guam appears to have set forth the elements for the negligence per se doctrine, but the Superior Court of Guam has set forth the following presumptive test:

> [T]he common law doctrine of negligence per se provides that the failure of a person to exercise due care is presumed if
>
> (1)  he violated a statute, ordinance, or regulation;
>
> (2)  the violation proximately caused death or injury to person or property;
>
> (3)  the injury that resulted is of the type the statute, ordinance, or regulation was designed to prevent, and
>
> (4)  the person suffering the injury to its person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

*See* Opp'n at 9, ECF No. 107 (citing *Orion and Julie Ann Mendiola*, CV 782-04 at 3 (Dec. & Order).  Plaintiffs argue that further support of Guam's recognition of the negligence per se

___

[9] The Restatement further states that:

> The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
>
> (a)  to protect a class of persons which includes the one whose interest is invaded, and
>
> (b)  to protect the particular interest which is invaded, and
>
> (c)  to protect that interest against the kind of harm which has resulted, and
>
> (d)   to protect that interest against the particular hazard from which the harm results.

Restatement (Second) of Torts § 286 (1965).

doctrine can be found in Guam's statute regarding "Liability for Exposure to Toxic Substances," which states that "[v]iolations of federal cleanup regulations shall constitute negligence per se for the purposes of this Chapter." Opp'n at 9, ECF No. 107 (citing 10 G.C.A. § 41104). Hence, Plaintiffs believe that Guam law has sufficiently recognized the doctrine of negligence per se, and that a violation of the WARN Act can serve as the basis for the presumptive duty violation. *Id.* at 10.

Generally, "[t]he negligence per se doctrine assists as *evidence* to prove negligence." *Phillips v. MERS Mortg. Elec. Registration Sys.*, No. 109-CV-01028-OWW-SMS, 2009 WL 3233865, at *5 (E.D. Cal. Oct. 2, 2009) (emphasis added) (applying California law to determine that negligence per se does not apply to mortgage lending).[10] However, the tort of negligence, rather than the violation of the statute itself, is the mechanism that allows a plaintiff to recover civil damages. *See id.* Accordingly, a negligence per se claim will fail if a negligence claim fails because "there is no liability absent a viable duty." *Id.* Thus, it is fatal to Plaintiffs' negligence per se claim that no duty is owed to them under Guam law relating to negligence.

Additionally, "[a] state's ability to use a federal statute violation as a basis for state tort liability and negligence per se depends on the intent of Congress, and not merely on the intent of the state." *In re Bendectin Litig.*, 857 F.2d 290, 313–14 (6th Cir. 1988) (citation omitted). Thus, this court should assess the intent of the United States Congress in enacting the WARN Act to determine whether it can serve as a basis for a presumption of negligence.

The WARN Act permits a plaintiff to recover under any existing *contractual or statutory rights and remedies* in addition to those provided thereunder:

---

[10] During the hearing, Plaintiffs suggested that this court look to California with guidance regarding negligence per se principles as they relate to federal statutes. In California, "an underlying claim of ordinary negligence must be viable before the presumption of negligence of . . . can be employed." *Phillips*, 2009 WL 3233865, at *5 (internal citation and quotation omitted).

> The rights and remedies provided to employees by this chapter are in addition to, and not in lieu of, any *other contractual or statutory rights and remedies* of the employees, and are not intended to alter or affect such rights and remedies, except that the period of notification required by this chapter shall run concurrently with any period of notification required by contract or by any other statute.

29 U.S.C. § 2105. Plaintiffs have asserted no breach of contract or additional statutory claim in this case. Instead, their negligence claims are grounded in common law, or attempts to use the WARN Act itself to create a claim rather than a separate statutory scheme. Although the provision would not foreclose the right to a negligence claim for some sort of personal injury or property damage (e.g., injury to an employee incurred while repairing a ship), this provision does not support Plaintiffs' asserted right to treble damages under common law gross negligence or negligence per se claims.

Furthermore, the WARN Act provides that "[t]he remedies provided for in this section shall be the exclusive remedies for any violation of this chapter." 29 U.S.C. § 2104(b). Plaintiffs' attempt to use the WARN Act as the statutory basis of a negligence per se claim, and their attempt to simultaneously seek punitive damages for that claim, is an impermissible attempt to circumvent the Act's limitation of remedies on WARN Act claims.

Defendants stress that the WARN Act cannot serve as the basis of a negligence per se claim because it "would undermine the narrowly-tailored scheme enacted by the United States Congress by dramatically expanding the WARN Act in the guise of state law tort claims." Reply at 8-9, ECF No. 110. In their view, permitting state-law torts based upon violations of the WARN Act will interfere with the enforcement of the WARN Act due to the Act's limitations on remedies. Reply at 8, ECF No. 110. Additionally, it would bypass the WARN Acts equitable nature by permitting a jury trial for tort claims even though WARN Act plaintiffs are not entitled to a jury trial. *See id.* (citing *Blesdoe*, 635 F.3d at 845).

In sum, permitting a negligence per se claim predicated on a WARN Act violation would

20

impermissibly circumvent the narrowly-tailored intent of the United States Congress by permitting (1) an unlimited damages cap rather than 60-days salary, (2) the right to a jury trial, and (3) access to punitive damages. Therefore, Defendants' Motion to Dismiss Plaintiffs' negligence per se claim is **GRANTED** because it would "dramatically expand the WARN Act in the guise of state law tort claims." *See* Reply at 9, ECF No. 110.[11]

### B. Plaintiffs' Request for Punitive Damages is Stricken.

Defendants seek to strike Plaintiffs' request for punitive damages, contending they are impermissibly predicated on the WARN Act.[12] Mot. Dismiss at 12, ECF No. 101, *see also* Reply at 9-10, ECF No. 12.

Plaintiffs' claim for gross negligence alleges that: "[t]he conduct of the Defendants was such an extreme departure from the ordinary standard of care and an aggravated disregard for the rights and care of others that it warrants judgment against the Defendants for punitive damages in the amount of three (3) times the actual damages." Am. Compl. at ¶ 53, ECF No. 98. Paragraph 59 of the Complaint contains an identical allegation under Plaintiffs' negligence per se claim. *Id.* at ¶ 59. The prayer for relief seeks an award of "punitive damages in the amount of three (3) times the actual damages but in no event less than . . . $6,000,000.00." *Id.* at 13. Plaintiffs' Amended Complaint appears to assert that the source of these punitive damages is 29

---

[11] As this court has granted Defendants' Motion to Dismiss Plaintiffs' negligence claims, no claims survive against Defendant Pothen. Accordingly, Defendants' arguments regarding alter-ego are moot, as are Plaintiffs' request to amend the alter-ego portions of their Amended Complaint. The request to certify the issue is likewise moot. When a federal claim has "substance sufficient to confer subject matter jurisdiction," this court has the discretion to exercise its pendent jurisdiction over state law claims if "[t]he state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725–26 (1966) (citation omitted). Plaintiffs' negligence claims derive from a common nucleus of operative fact as their federal WARN Act claims, and this court has exercised its discretion to address those claims through assessing the Supreme Court of Guam's negligence jurisprudence.

[12] Although Defendants characterize their request to strike punitive damages as a "claim" that this court should "dismiss," Plaintiffs have not brought a claim for punitive damages. *See* Mot. Dismiss at 12, ECF No. 101. Rather, their prayer for relief includes a request for punitive damages. Am. Compl. at ¶ 59, ECF No. 98. Consequently, the court treats Defendants' request as a "Motion to Strike" the punitive damages as "immaterial" or "impertinent" pursuant to FRCP 12(b)(f).

21

U.S.C. § 2104(a)(6) of the WARN Act.  *See id.*

The WARN Act entitled a plaintiff to a maximum of 60 days of back-pay for each day of the WARN Act violation, as well as benefits that employee would have received during the same period. 29 U.S.C. § 2104(a)(1).  "[T]hese damages may be reduced by specified mitigating acts or proofs made by the employer."  *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460, 464–65 (S.D.N.Y. 1989) (citing 29 U.S.C. § 2104(a)(2) and (a)(4)); *see also Chambers v. Groome Transp. of Alabama, Inc.*, No. 3:14CV237-CSC (WO), 2015 WL 9255332, at *3 (M.D. Ala. Dec. 17, 2015) ("The maximum compensatory damages allowed under the WARN Act is 60 days' wages for each aggrieved employee.  Punitive damages are not applicable.").  Additionally, there is a statutory penalty to an employer of up to $500.00 per day of violation.  29 U.S.C. § 2104(a)(3).

Plaintiffs concede that punitive damages are not available under the WARN Act, but counter that their request stems from their negligence claims.  Opp'n at 13, ECF No. 107; *see also* 29 U.S.C. § 2104(a)(6) (permitting *permissive* attorneys' fees to a prevailing party, but providing no mention of punitive damages).  In Plaintiffs' view, their request for punitive damages is permissible under the WARN Act's prescription of the right to other forms of relief.  Opp'n at 13, ECF No. 107 (citing 29 U.S.C. § 2105).

Although the WARN Act permits a plaintiff recover under any existing contractual or statutory rights and remedies in addition to those provided thereunder, plaintiffs' request for punitive damages predicated on negligence claims are not grounded in contractual or statutory relief.  *See* 29 U.S.C. § 2105.  Again, Plaintiffs' attempt to use the WARN Act as the statutory basis of a negligence per se claim, and their attempt to simultaneously seek punitive damages for that claim, appears to be an impermissible attempt to evade the Act's limitation of remedies.

"The provision that the specified remedies are the 'exclusive remedies' unmistakably

conveys that an additional remedy of punitive damages is not available to plaintiffs under WARN." *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460, 464–65 (S.D.N.Y. 1989). Circumventing this intent through twisting the WARN Act into a negligence per se claim is improper. The United States "Supreme Court has cautioned that 'where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.'" *Id.* (quoting *TransAmerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 20 (1979)). The WARN Act is a novel creation of Congress that "[does] not codify any state or common law under which plaintiffs would have been entitled to punitive damages." *Id.*

Consequently, Plaintiffs' claim for punitive damages is **STRICKEN** because the WARN Act does not permit punitive damages. Plaintiffs have failed to state a claim for either gross negligence or negligence per se, and 29 U.S.C. § 2105 permits additional remedies for contract or statutory violations rather than those sourced from common law.

## IV. CONCLUSION

Defendants' Motion to Dismiss Plaintiffs' gross negligence and negligence per se claims is **GRANTED**. Plaintiffs were at-will employees, and Defendants owed them no duty of care in terminating their employment under Guam law. Additionally, Plaintiffs' negligence per se claim is improper because it seeks to impermissibly use the WARN Act to recover common-law remedies in circumvention of Congress's intent. Finally, Plaintiffs' claim for punitive damages is **STRICKEN** because their negligence claims have been dismissed, and the WARN Act does not permit punitive damages.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Dec 30, 2016**