## THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RUSS CARLBERG, ROEL D. DACASIN, REYNALDO S. GALVEZ, DELMARIO R. CORTEZ, and GARY CHANG, | CIVIL CASE NO. 14-00002 |
| Plaintiffs, | **DECISION AND ORDER GRANTING CLASS CERTIFICATION** |
| vs. | |
| GUAM INDUSTRIAL SERVICES dba GUAM SHIPYARD and MATHEWS POTHEN, Personally, | |
| Defendants. | |

Before the court is Plaintiffs Russ Carlberg, Roel D. Dacasin, Reynaldo S. Galvez, Delmario R. Cortez, and Gary Chang's ("Plaintiffs") Motion for Class Certification, filed on behalf of themselves and all others similarly situated. *See* ECF No. 126. The parties have not requested oral argument, and the court finds that a hearing on the matter is unnecessary.[1] After reviewing the parties' submissions, and relevant caselaw and authority, the court hereby **GRANTS** Plaintiffs' Motion.

---

[1] Pursuant to Civil Local Rule ("CVLR") 7(i):

Unless otherwise ordered by the court or where required by statute or the federal rules, all motions shall be decided by the court without oral argument. A party desiring oral argument shall file a request for oral argument no later than seven (7) days following the last day a reply brief would be due.

CVLR 7(i). To date, no written request for hearing has been filed with the court.

1

# I.  BACKGROUND

## A. Procedural History.

On January 31, 2014, Plaintiffs filed a Class Action Complaint ("Complaint") alleging two causes of action: (1) a claim for relief under the Worker Adjustment and Retraining Notification Act ("WARN Act" or "Act"), 29 U.S.C. §§ 2101-2109, and (2) gross negligence. Compl. at ¶¶ 1, 24-45, ECF No. 1.  Plaintiffs' prayer for relief sought "lost wages and benefits in an amount exceeding . . . $2,000,000.00[] with interest and costs."  Compl. ¶ 46.  Plaintiffs also sought "punitive damages in the amount of three . . . times actual damages but in no event less than . . . $6,000,000.00[]."  Compl. ¶ 46, ECF No. 1.

On March 20, 2014, Plaintiffs filed a Request for Entry of Default.  Req. Entry of Default, ECF No. 5.  Defendants opposed the request on March 25, 2014, arguing that Plaintiffs "failed to effectuate proper service upon Defendants."  Not. Obj. Req. Entry of Default, App. at 1-2, ECF No. 8.  This court denied entry of default on March 26, 2014, because the summons did not comply with Federal Rule of Civil Procedure (FRCP) 4(a).  Order, ECF No. 10.

### 1.  Defendants' First Motion to Dismiss Pursuant to FRCP 12(b)(6).

On April 16, 2014, Defendants filed their first Motion to Dismiss pursuant to FRCP 12(b)(6).  Mot Dismiss (Apr. 16, 2014), ECF No. 16.  Defendants first contended that the WARN Act claim against Defendant Pothen failed because he was not an employer within the meaning of the WARN Act.  *Id.* at 2.  Next, Defendants asserted that the gross negligence claim merely restated the WARN Act Claim, which "amount[ed] to a prohibited claim for punitive damages under WARN."  *Id.* at 2, 8.  Finally, Defendants challenged this court's subject matter jurisdiction over the gross negligence claim because it did not arise under federal law.  *Id.* at 14.

Plaintiffs opposed the Motion on May 30, 2014, arguing (1) that Defendants waived their right to file an FRCP 12(b)(6) motion, (2) that their claims met FRCP 8's pleading requirements,

2

(3) that gross negligence was properly pleaded, and (4) that this court had supplemental jurisdiction over Plaintiffs' gross negligence claim.  *See* Opp'n Mot. Dismiss (May 30, 2014) at 2-9, ECF No. 27.  Plaintiffs conceded that a WARN Act claim could not be substantiated against Pothen personally, and also that the WARN Act does not provide for punitive damages, but stressed that a claim for gross negligence allows the recovery of punitive damages.  *Id.* at 6-7.

Defendants filed a Reply on June 16, 2014.  Reply (June 16, 2014), ECF No. 30.  Defendants reiterated their initial arguments, but also raised, for the first time, arguments that the gross negligence claim should be dismissed because Plaintiffs (1) failed to articulate a legal duty recognized by the courts of Guam and (2) failed to allege sufficient facts that state a gross negligence claim.  *Id.* at 4-8.  The Reply also asked this court to decline supplemental jurisdiction over the gross negligence claim because it was a novel and complex issue of first impression for Guam under 13 U.S.C. § 1367(c)(1).  *Id.* at 8.  Defendants also suggested that Plaintiffs amend their WARN Act claim to omit references to Pothen personally, and objected to any assertion that Defendants waived their right to an FRCP 12(b)(6) motion.  *Id.* at 10-12.

### 2. Supplemental Briefing on Defendants' First Motion to Dismiss Pursuant to FRCP 12(b)(6).

On August 11, 2014, this court ordered supplemental briefing on the issues of whether "Plaintiffs (1) failed to articulate a legal duty recognized by the courts of Guam and (2) failed to allege sufficient facts that state a gross negligence claim."  Order at 1, ECF No. 31 (citation omitted).  Plaintiffs' Supplemental Response to Defendants' Reply was filed on September 10, 2014, and asserted that Defendants' duty was conferred by the WARN Act through the doctrine of negligence per se, and existed by virtue of Defendants' "fiduciary duty" to Plaintiffs.  Supp. Response to Reply at 2-5, ECF No. 37 (citations and internal quotation marks omitted).  Additionally, Plaintiffs contended that their negligence claim was permitted due to Plaintiffs' right to common law remedies against Defendants for willful or wanted acts.  Supp. Response to

3

Reply at 2-5, ECF No. 37 (citations and internal quotation marks omitted). Plaintiffs also requested the issue regarding the legal duty owed by Defendants to Plaintiffs to be certified to the Supreme Court of Guam, and urged that they sufficiently pleaded gross negligence. *Id.* at 5-7.

Defendants filed their Reply to Plaintiffs' Supplemental Response on October 15, 2014, arguing that no caselaw supports the existence of the duties alleged by Plaintiffs, that Plaintiffs' "fiduciary duty" argument was misplaced, and that Plaintiffs' claim could not be saved by virtue of turning to a negligence per se argument because Plaintiffs did not plead the elements of negligence per se. Def's Reply to Pl's Supp. Briefing 3-7, ECF No. 67. Moreover, Defendants reiterated that this court decline supplemental jurisdiction over either a gross negligence or negligence per se claim because those claims are novel and complex issues of state law, and asserted the WARN Act claim against Pothen failed because he is not an "employer" for purposes of the WARN Act. *Id.* at 7-9.

**3. Defendants' Second Motion to Dismiss Pursuant to FRCP 12(b)(6).**

On September 9, 2014, Defendants filed a Motion to Dismiss pursuant to FRCP 12(b)(1), maintaining that the WARN Act is inapplicable to Guam. Mot. Dismiss (Sept. 9, 2014) at 2, ECF No. 35. Plaintiffs opposed the Motion on October 7, 2014, contending that the statutory language, corresponding regulations, history, and purpose of the WARN Act all mandated its application to Guam. Opp'n to Rule 12(b)(1) Motion at 1 (Oct. 7, 2014), ECF No. 64. Defendants' Reply was filed on November 4, 2014, reiterating that the Act refers only to the 50 states and not to the U.S. territories. Reply at 3 (Nov. 4, 2014), ECF No. 76.

**4. This Court's Order on Defendants' First and Second Motions to Dismiss.**

On March 25, 2016, this court issued an Order addressing Defendants' first Motion to Dismiss (pursuant to FRCP 12(b)(6)) and their second Motion to Dismiss (pursuant to FRCP

4

12(b)(1)).  Order, ECF No. 92.  This court first determined it had subject matter jurisdiction over Plaintiffs' WARN Act claim because the WARN Act is applicable to Guam.  *Id.* at 7.  Second, the court granted Plaintiffs' leave to amend their Complaint to remove the WARN Act claim against Pothen.  *Id.* at 8.  Finally, this court did not reach the merits of Defendants' arguments regarding the absence of duty for negligence purposes, but rather ordered "Plaintiffs to clarify their intent in proceeding with either the gross negligence or negligence per se claims" by amending their Complaint.  *Id.* at 9-10.

### 5.  Plaintiffs' Amended Complaint and Defendants' Third Motion to Dismiss Pursuant to FRCP 12(b)(6).

On April 9, 2016, Plaintiffs filed an Amended Class Action Complaint and Jury Demand.  Am. Compl., ECF No. 98.  The Complaint sets forth three causes of action: (1) a "Claim for Relief Under WARN Against Defendant Guam Shipyard;" (2) a claim for "Gross Negligence Against Defendants Guam Shipyard and Mathews Pothen;" and (3) a claim for "Negligence Per Se Against Defendants Guam Shipyard and Mathews Pothen."  *Id.* at ¶¶ 25-59 (emphasis omitted).  Like the initial Complaint, the prayer for relief in the Amended Complaint seeks "lost wages and benefits in an amount exceeding . . . $2,000,000.00[] with interest and costs," and "punitive damages in the amount of three . . . times actual damages but in no event less than . . . $6,000,000.00[]."  Am. Compl. at 13, ECF No. 98.

Defendants moved to dismiss the Amended Complaint on April 22, 2016.  Mot. Dismiss, ECF No. 101.  Plaintiffs opposed the Motion on May 27, 2016.  Opp'n, at 2-13, ECF No. 107.  Defendants filed their Reply on June 17, 2016.  Reply, ECF No. 110.

This court granted Defendants' Motion to Dismiss Plaintiffs' gross negligence and negligence per se claims because Plaintiffs were at-will employees, and Defendants owed them no duty of care in terminating their employment under Guam law.  Order at 23, ECF No. 153.  Additionally, Plaintiffs' negligence per se claim is improper because it seeks to impermissibly

5

use the WARN Act to recover common-law remedies in circumvention of Congress's intent. *Id.* Plaintiffs' claim for punitive damages was also stricken because their negligence claims have been dismissed, and the WARN Act does not permit punitive damages. *Id.*

### 6. Motion for Class Certification.

On September 23, 2016, prior to this court's issuance of the Order dismissing Plaintiffs' negligence claims, Plaintiffs filed a Motion for Class Certification. *See* ECF No. 126. Guam Shipyard opposed the motion on December 15, 2016, focusing primarily on the argument that the negligence claims were not amenable to a class action. *See* Opp'n at 5-8, ECF No. 146.[2] Plaintiffs filed their Reply on January 17, 2017. *See* ECF No. 157.

### B. Factual Background.

Plaintiffs were former full-time employees of Defendant Guam Shipyard and worked at Guam Shipyard's ship repair facility located at Apra Harbor in Santa Rita, Guam. Am. Compl. at ¶¶ 11–16, ECF No. 98.

Guam Shipyard employed more than 100 full-time employees as of October 15, 2013, and performed "general pier-side ship repair and dry docking [activities] for various customers including the United States Navy and other clients such as Military Sea Lift Command." *Id.* at ¶ 17. Additionally, Guam Shipyard provided "other industrial and technical operations throughout Guam," including servicing air conditioning compressors and condensers, piping and ventilation systems, and maintaining alarm systems. *Id.* at ¶¶ 16–22. Defendant Mathews Pothen is the President of Guam Shipyard. *Id.* at ¶ 24.

On or about March 20, 2013, the Military Sealift Command ("MSC") provided notice that it intended to issue a ship repair solicitation as part of solicitation number N00033-13-R-7509, to issue a ship repair solicitation under which the former Ship Repair Facility ("SRF")

---

[2] Guam Shipyard's objections to granting class certification on the negligence claims are moot as those claims were dismissed from this action.

6

Guam would be provided as Government Furnished Property. *Id*. at ¶ 28. At the time of the solicitation notice, Guam Shipyard operated at the SRF repairing ships and submitted a bid for solicitation number N00033-13-R-7509. *Id*. at ¶ 29. Plaintiffs allege that Guam Shipyard failed to "inform, warn, discuss, or otherwise communicate to Plaintiffs that their continued employment was at risk due to the issuance of the solicitation." *Id*. at ¶ 30.

On October 11, 2013, MSC awarded solicitation number N00033-13-R-7509 to Cabras Marine Corporation ("Cabras") rather than Guam Shipyard, and Cabras received a $77,956,324.10 contract. *Id*. at ¶ 33.

On the morning of October 15, 2013, Plaintiffs and other employees received written notices notifying them that they were terminated effective immediately. *Id.* at ¶ 34, Ex. A (Notification of Personnel Action Form, Oct. 15, 2013). The Personnel Action Form indicated that the reason for the termination was MSC's decision not to award the ship repair services contract to Guam Shipyard. *Id.*

Plaintiffs assert that most nonessential personnel did not receive that day's wage and were given approximately one hour to remove their personal belongings from the premises. Am. Compl. at ¶ 34. Although Defendant Guam Shipyard terminated numerous local employees, it retained its H-2[3] labor force. *Id*. at ¶ 35. There was a 60-day transition period "between the award of the contract and the shift of work at the SRF to Cabras Marine Corporation." *Id*. at ¶ 39.

Guam Shipyard continues to perform ship repair work for the MSC under an Indefinite Delivery Indefinite Quantity contract that expires in June 2017. *Id*. at ¶ 40.

## II.    LEGAL STANDARD

---

[3] The H-2B program provides for the admission of temporary nonimmigrant aliens to perform temporary nonagricultural labor or services in the United States.

7

A party seeking class certification must satisfy the requirements of FRCP 23(a) and to establish an appropriate ground for class action under FRCP 23(b). *See Blackie v. Barrack*, 524 F.2d 891, 901 n.18 (9th Cir. 1975). The court must perform a "'rigorous analysis'" to determine whether these requirements are met before certifying a class. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1233 (9th Cir. 1996) (quoting *In re American Medical Sys.,* 75 F.3d 1069 (6th Cir.1996)). A court's discretion to certify a class within the framework of FRCP 23 is considerably broad. *See Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977) (quoting *City of New York v. International Pipe & Ceramics Corp.*, 410 F.2d 295, 298 (2d Cir. 1969)).

A case may proceed as a class action only if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

FRCP 23(a). If FRCP 23(a) is satisfied, a class action may be maintained "if the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FRCP 23(b)(3).

## III. DISCUSSION

Plaintiffs move for class certification of their WARN Act claims. Mot. Class Cert. at 1, 3, ECF No. 126. A lawsuit may be certified as a class action if it meets all the requirements of FRCP 23(a), and one of the three requirements of FRCP 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir.), *opinion amended on denial of reh'g,* 273 F.3d 1266 (9th Cir. 2001) (footnote and citation omitted) (footnote and citation omitted).

**A. Rule 23(b)(1)(a) Criteria.**

8

**1. Numerosity.**

The first prerequisite to class certification is that the class is so numerous that joinder of all members would be impracticable. FRCP 23(a)(l). There is no exact number that satisfies this inquiry, and the court must examine the specific facts of each case to determine if impracticability exists. *See, e.g.*, *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980) (noting classes as small as 15 employees have been recognized).

This court has noted that the "requirement is typically satisfied when class members number at least in the dozens." *Paeste v. Guam*, No. CV 11-00008 CBM, 2012 WL 1526102, at *1 (D. Guam Apr. 30, 2012) (citing *Immigrant Assistance Project of L.A. County Fed'n of Labor (AFL–CIO) v. I.N.S.,* 306 F.3d 842, 869 (9th Cir.2002)).

"WARN actions are particularly amenable to class-based litigation" because they only apply to employers with 100 or more employees. *Cashman v. Dolce Int'l/Hartford, Inc.*, 225 F.R.D. 73, 90 (D. Conn. 2004) (quoting *Finnan v. L.F. Rothschild & Co.,* 726 F.Supp. 460, 465 (S.D.N.Y.1989) ("By its terms, WARN is applicable only in the context of employer action which affects a large number of employees.")); *see also* 29 U.S.C. § 2101(a)(3)(B) (defining "mass layoff" for WARN Act purposes).

Here, the proposed class exceeds 150 in number. *See* Am. Compl. at ¶ 6, ECF No. 98; *see also* Joseph C. Razzano Decl. at ¶ 9, Ex. A ("Terminated Employees List"), ECF No. 127. Courts interpreting the WARN Act have held that a similar number of persons meets the numerosity requirement. *See Carrier v. JPB Enterprises, Inc.*, 206 F.R.D. 332, 334 (D. Me. 2002) (determining the numerosity requirement was satisfied in a WARN Act case comprised of a class of 123 individuals); *see also Ciarlante v. Brown & Williamson Tobacco Corp.*, No. CIV.A. 95-4646, 1995 WL 764579, at *2 (E.D. Pa. Dec. 18, 1995) (determining that 120 individuals was sufficient to meet the numerosity requirement in a WARN Act case).

Defendants do not challenge that this case meets the numerosity requirement. Accordingly, the court determines that the numerosity requirement is satisfied because joining approximately 150 members would be impracticable.

### 2. Commonality.

The second class certification requirement is that "there are questions of law or fact common to the class." FRCP 23(a)(2). The Supreme Court of the United States has said that commonality requires plaintiffs "to demonstrate that the class members 'have suffered the same injury,'" and not merely violations of "the same provision of law." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). Consequently, Plaintiffs' claims "must depend upon a common contention" such "that determination of [their] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 2551.

For the commonality requirement to be met, there need only be a single issue of law or fact common to the proposed class. *Vietnam Veterans of Am. v. C.I.A.*, 288 F.R.D. 192, 212–13 (N.D. Cal. 2012) (citing *Dukes*, 131 S.Ct. at 2556); *see also Mazza v. Amer. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir.2012).

Here, Plaintiffs' claims present numerous common questions of law and fact stemming from a common core of facts. For example, to prevail on a WARN Act claim, each putative class member would have to show that Guam Shipyard was subject to the WARN Act, that each class member was employed by Guam Shipyard, that they were terminated in connection with a mass layoff without proper notice and without cause on or about October 15, 2013, and that Guam Shipyard failed to pay the required 60-days of wages and benefits. *See* 29 U.S.C. §§ 2101-2104. Additionally, common core legal and factual issues involve whether Guam Shipyard has viable defenses against the WARN Act

10

Defendants do not challenge that Plaintiffs' WARN Act claim meets the commonality requirement. Thus, the requirement is satisfied.

### 3. Typicality.

To satisfy the third class certification requirement, "the claims or defenses of the representative parties must be typical of the claims or defenses of the class." FRCP 23(a)(3). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). The test requires that the class representative "'be part of the class and possess the same interest and suffer the same injury as the class members.'" *Gen. Tel. Co. of Sw.*, 457 U.S. at 156 (quoting *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977).

Here, Plaintiffs' claims are typical of the putative class members' WARN Act claims against Guam Shipyard because they share identical claims under the WARN Act against the same employer, as well as the same alleged termination date, and the same alleged lack of 60-day advance notice required under the WARN Act. Defendants do not challenge that Plaintiffs' WARN Act claim meets the typicality requirement. Therefore, the typicality requirement is satisfied because the injuries suffered between the named Plaintiffs and the proposed class are identical.

### 4. Adequacy of the Representative Parties and Counsel.

A party seeking class action certification must also show that "the representative parties will fairly and adequately protect the interests of the class." FRCP 23(a)(4). Defendants do not challenge that the parties or counsel meet the adequacy requirement.

Representation is "adequate" if the class representatives do "not have antagonistic of conflicting interests with the unnamed members of the class," and the named representatives

"appear able to prosecute the action vigorously through qualified counsel." *See Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978) (citation omitted).

### a. Adequacy of Plaintiffs and their Counsel.

In this case, it is not apparent from the record that the named Plaintiffs and the class they seek to represent have any conflict. Plaintiffs do not seem to seek any additional or alternative relief that could create a conflict of interest in the proposed class. Plaintiffs Dacasin, Chang, and Carlberg have each set forth unrebutted declarations that they have:

> [A]ctively assist[ed] proposed counsel since the inception of the case[,] . . . have agreed to serve as a class representative[s,] . . . understand that if appointed as class representative[s, they] will be obligated to represent the interests of all class member[s], and [they] will owe a duty to all proposed class members to make decisions in the best interest of the class[, and] . . . understand that as class representative[s, they] will be expected to continue assisting class counsel in connection with this action, including providing necessary documentation and information, reviewing material, and testifying when requested by the counsel or the [c]ourt.

Razzano Decl. at Ex. B (Dacasin, Chang, and Carlberg Decls. ¶¶ 3-6), ECF No. 127. Plaintiffs appear to understand the importance of their role as representatives of the class, and appear committed to fairly and adequately protect the interests of the class. Therefore, Plaintiffs are adequate class representatives.

### b. Adequacy of Counsel.

Plaintiffs' attorneys from the Civille & Tang, PLLC firm are competent and qualified to represent the proposed class. In determining whether counsel is adequate, this court:

> [M]ust consider:
>
> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and

12

(iv) the resources that counsel will commit to representing the class.

*See* FRCP 23(g)(1)(A).

Counsel is currently pursuing the WARN Act claims vigorously by filing the WARN Act suit against Guam Shipyard, investigating facts giving rise to the WARN Act claim, and amending their Complaint as appropriate. *See* Mot. Class Cert. at 8, ECF No. 126. Under Plaintiffs' counsel's representation, this court denied Defendants' initial Motion to Dismiss, and granted leave to file an Amended Complaint. Order at 10, ECF No. 92. Lead counsel Joseph C. Razzano is an experienced civil litigator who received his Juris Doctorate in 1998, and is admitted to the bars of Guam and Texas. Razzano Decl. at ¶ 3, ECF No. 127. He has experience in class actions involving the Northern Mariana Island Retirement Fund, and served as trial counsel in a number of class actions before the Supreme Court of the Federated States of Micronesia. *See id.* at ¶ 5. Co-counsel Joshua Walsh has over seven years of civil litigation experience and also served as trial counsel in class actions before the Supreme Court of the Federated States of Micronesia. *Id.* at ¶¶ 4-5. Counsel has experience in class actions that "covered every aspect of class action civil litigation from client intake, through trial, and through the distribution of funds to the class." *Id.* at ¶ 6. Additionally, counsel was deemed competent in other class actions. *Id.* Counsel intends to continue vigorously pursuing Plaintiffs' and the proposed class's claims. *Id.* at ¶ 7.

Based upon the representations by Plaintiffs' counsel, the court determines that they are qualified to represent the proposed class in a WARN Act claim.

### 5. Ascertainability.

"[C]ourts have implied an additional requirement under [FRCP] 23(a): that the class to be certified be ascertainable." *In re Google Inc.Gmail Litig..*, No. 13-MD-02430-LHK, 2014 WL 1102660, at *10 (N.D. Cal. Mar. 18, 2014) (citing *Marcus v. BMW of North America, LLC*, 687

F.3d 583, 592–93 (3d Cir. 2012); *see also Herrera v. LCS Fin. Servs. Corp.,* 274 F.R.D. 666, 671–72 (N.D. Cal. 2011). "A class definition should be 'precise, objective, and presently ascertainable.'" *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998) (quoting Manual for Complex Litigation, Third § 30.14, at 217 (1995)). The proposed class, however, "need not be 'so ascertainable that every potential member can be identified at the commencement of the action.'" *Id.* (quoting 7A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, Federal Practice and Procedure § 1760 (2d ed.1986)). If "the general outlines of the membership of the class are determinable at the outset of the litigation, a class will be deemed to exist." *Id.*

In this case, Plaintiffs seek to certify a class of former Guam Shipyard employees who were terminated without cause on October 15, 2013. *See* Mot. Class Cert. at 9, ECF No. 126. Paragraph 5 of the Amended Complaint indicates:

> Plaintiffs bring this action as a class action pursuant to Rule 23(a) and (b)(1) and (3) of the Federal Rules of Civil Procedure and 29 U.S.C. § 2104(a)(5) on behalf of themselves and all others similarly situated (the "Class") who were employees of defendant Guam Industrial Services, Inc., dba Guam Shipyard ("Guam Shipyard") and who were "affected employees" subject to an "employment loss," as those terms are defined in 29 U.S.C. § 2101(a)(5) and (6), as a result of the circumstances, acts and facts related to employee terminations effected by defendant on or about October 15, 2013, without the notices required by WARN.

Am. Compl. at ¶ 5, ECF No. 98. Plaintiffs argue that "[t]his proposed class definition is based on an objective determination that can be readily identified through employment records of Guam Shipyard. *See* Mot. Class Cert. at 9, ECF No. 126 (citing Razzano Decl. ¶ 9, Ex. A (Terminated Employees List), ECF No. 127). The Terminated Employees List clearly sets forth the names and contact phone numbers for 149 proposed class members. *Id.*

Guam Shipyard contends that Plaintiffs have failed "to clearly set forth a precisely defined class." Opp'n at 4, ECF No. 146. Yet paragraph 5 of the Amended Complaint sets forth the requisite definition, identifying affected employees and the act and date of termination

14

without warning. Additionally, a plaintiff seeking to enforce liabilities under the WARN Act "may sue either for such person or for others similarly situated, or both." 29 U.S.C. § 2104(a)(5).

Therefore, based upon the class definition and the Terminated Employees List, this court determines the proposed class is ascertainable, and that all of the FRCP 23(a) criteria are satisfied.

**B. FRCP 23(b)(3) Criteria.**

In addition to satisfying the requirements of FRCP 23(a), Plaintiffs must also satisfy one of the three requirements under FRCP 23(b). *Zinser*, 253 F.3d at 1186 (footnote and citation omitted). In this class, Plaintiffs seek class certification under FRCP 23(b)(3), which states that a class action may be maintained if (1) FRCP 23(a) is satisfied and if (2) "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FRCP 23(b)(3). Certification under FRCP 23(b)(3) "is appropriate 'whenever the actual interests of the parties can be served best by settling their differences in a single action.'" *Hanlon*, 150 F.3d at 1022 (quoting WRIGHT et al., *supra*, § 1777). Additionally, a class action is often appropriate to "'overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.'" *Chamberlan v. Ford Motor Co.*, 223 F.R.D. 524, 527 (N.D. Cal. 2004) (quoting *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997).

**1. Common Issues Predominate.**

Plaintiffs argue that common issues of fact and law predominate. Mot. Class Cert. at 10-11, ECF No. 126. The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc.*, 521

15

U.S. at 623. Predominance is satisfied when "[a] common nucleus of facts and potential legal remedies dominate [the] litigation." *See Hanlon*, 150 F.3d at 1022. In other words, "'[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis.'" *Id.* (quoting WRIGHT et al., *supra,* § 1778).[4]

Here, common questions of fact predominate because there are identical issues for each employee allegedly terminated by Guam Shipyard without notice on October 15, 2013. Any justification offered by Guam Shipyard for providing less than 60-days' notice applies to each class member because they all suffered employment loss from the same alleged conduct. Moreover, common questions of law predominate over (1) whether the WARN Act applies to the employment loss experienced by the proposed class; and (2) whether Guam Shipyard was statutorily exempt from the 60-day notice requirement. *See* 29 U.S.C. §§ 2101 to 2109.

Guam Shipyard does not argue that Plaintiffs' WARN Act claims fail the predominance inquiry, and their arguments related to negligence are moot as Plaintiffs' negligence claims have been dismissed. Therefore, common issues of fact and law predominate in this case.

### 2. Class Certification is Superior to Other Methods Available for Adjudication of the Dispute.

Finally, Plaintiffs assert that class certification is superior to other methods available for adjudicating the proposed class's claims. Mot. Class Cert. at 11, ECF No. 126. A class action is a superior means of adjudicating a dispute "[w]here classwide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino*, 97 F.3d at 1234 (citation

---

[4] "[FRCP] 23(b)(3)'s predominance criterion is even more demanding" than FRCP 23(a)'s commonality criterion, because FRCP 23(b)(3) "is designed for situations 'in which class-action treatment is not as clearly called for.'" *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (citations and internal quotations omitted).

16

omitted).

Matters relevant to the court's inquiry as to whether a class action is superior include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

FRCP 23(b)(3). "A consideration of these factors requires the court to focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." *Zinser*, 253 F.3d at 1190 (quoting WRIGHT et al., *supra*, § 1780 at 562). Each will be addressed in turn.

### a. The Class Members' Interests in Individually Controlling the Prosecution or Defense of Separate Actions.

The factor relating to each member's interest in "individually controlling the prosecution or defense of separate actions" weighs in favor of certifying a class action "[w]here damages suffered by each putative class member are not large." *Zinser*, 253 F.3d at 1190 (citation omitted); *see* FRCP 23(b)(3)(A). This factor weighs in favor of certifying the proposed class in this case because the damages suffered by each member of the proposed class are not large. Damages for liability under the WARN Act are limited to a maximum of 60-days lost pay and benefits. *See* 29 U.S.C. § 2104.[5] Moreover, each proposed class member will be defined under

---

[5] In the event class members received different wages, the Plaintiffs:

[N]eed not know precisely how [they] will prove damages at this time. If calculation of individualized damages is complex, the court has numerous efficient means to resolve such issues, including questionnaires, surveys, representative testimony, the use of a special master and other aggregate analysis. *See, e.g., McLaughlin v. Ho Fat Seto*, 850 F.2d 586, 589 (9th Cir. 1988), *cert. denied*, 488 U.S. 1040 (1989) (using "the fairly representative testimony of other employees" to award back pay); . . . (Finding that a sampling can establish class liability where there was a

17

the same statutorily defined compensation scheme under the WARN Act. Plaintiffs are correct "that there is no significant interest in having class members individually control piecemeal cases." *See* Mot. Class Cert at 13, ECF No. 126. Hence, this factor weighs in favor of class certification.

### b. The Extent and Nature of Any Litigation Concerning the Controversy Already Begun By or Against Class Members.

The second factor assessing the superiority of a class action over other means of adjudicating the dispute:

> [I]s intended to serve the purpose of assuring judicial economy and reducing the possibility of multiple lawsuits. . . . If the court finds that several other actions already are pending and that a clear threat of multiplicity and a risk of inconsistent adjudications actually exist, a class action may not be appropriate since, unless the other suits can be enjoined, . . . a Rule 23 proceeding only might create one more action. . . .

*Zinser*, 253 F.3d at 1191 (second through fourth alterations in original) (quoting WRIGHT et al., *supra*, § 1780 at 568–70). In this case, the parties have not presented evidence of any other litigation instituted against Guam Shipyard with respect to an alleged WARN Act violation. *See* Razzano Decl. at ¶ 8, ECF No. 127. Thus, judicial economy would be served by certifying the class.

### c. The Desirability Or Undesirability Of Concentrating The Litigation Of The Claims In The Particular Forum.

Here, Plaintiffs were former full-time employees of Defendant Guam Shipyard and worked at Guam Shipyard's ship repair facility located at Apra Harbor in Santa Rita, Guam. Am. Compl. at ¶¶ 11–16, ECF No. 98. Moreover, the WARN Act is a federal statute. *See* 29

---

failure to maintain accurate records and liability is established for unpaid wages); *Kurihara v. Best Buy Co.*, No. C 06-01884 MHP, 2007 WL 2501698, at *11 (N.D. Cal. Aug. 30, 2007) (finding such an approach superior "given the alleged existence of a company-wide policy, the size of the class, and the relatively small amount of each individual claim").

*Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.*, 311 F.R.D. 590, 622 (C.D. Cal. 2015) (internal citation omitted).

18

U.S.C. §§ 2101-2109.  Thus, the District Court of Guam is an appropriate forum, and this factor weighs in favor of class certification.

### d.  The Difficulties In Managing A Class Action.

The Ninth Circuit has stated that "[i]f each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not "superior."  *Zinser*, 253 F.3d at 1192 (citations omitted).  Plaintiffs argue that there is no danger in this case that each class member will need to litigate numerous and separate issues to establish their right to recover.  Mot. Class Cert. at 14, ECF No. 126.

Here, there are approximately 150 proposed class members that are identified on a "Terminated Employees List."  *See* Razzano Decl. ¶ 9, Ex. A (Terminated Employees List), ECF No. 127.  The Terminated Employees List contains contact phone numbers for the proposed class members.  *See id.*  Additionally, each proposed class member was allegedly terminated on October 15, 2013, without notice.  Hence, managing a class action for the proposed class would not be particularly difficult.

Guam Shipyard does not argue that Plaintiffs' WARN Act claims fail the superiority inquiry, and their arguments related to negligence are moot as Plaintiffs' negligence claims have been dismissed.  Therefore, as all factors weigh in Plaintiffs' favor, class certification is superior to other methods available for adjudicating the proposed class's claims.

### IV.  CONCLUSION

The court determines that the Plaintiffs' case meets the requirements of FRCP 23(a) and 23(b).  This action may be maintained on behalf of a class consisting of

> All persons who were employed by defendant Guam Industrial Services, Inc., dba Guam Shipyard who were "affected employees" subject to an "employment loss," as those terms are defined in 29 U.S.C. § 2101(a)(5) and (6), as a result of the circumstances, acts and facts related to employee terminations effected by

19

defendant on or about October 15, 2013, without the notices required by 29 U.S.C. §§ 2101 through 2109.[6]

Accordingly, the court hereby **GRANTS** the Motion for Class Certification.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Mar 07, 2017**

---

[6] There are slight differences with this language, and that found within Plaintiffs' Complaint. Am. Compl. at ¶ 5, ECF No. 98. Specifically, the relevant WARN Act provisions are set forth as citations. This "court has the power to modify proposed class definitions to make them sufficiently definite." *Mazur v. eBay Inc.*, 257 F.R.D. 563, 568 (N.D. Cal. 2009) (citing *Hagen v. City of Winnemucca*, 108 F.R.D. 61, 64 (D. Nev.1985)).

20