# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RUSS CARLBERG, ROEL D. DACASIN, REYNALDO S. GALVEZ, DELMARIO R. CORTEZ, and GARY CHANG, <br><br>Plaintiffs, <br><br>vs. <br><br>GUAM INDUSTRIAL SERVICES dba GUAM SHIPYARD and MATHEWS POTHEN, Personally, <br><br>Defendants. | CIVIL CASE NO. 14-00002 <br><br>**ORDER** |

Before the court is Plaintiffs' Motion for Reconsideration. ECF No. 329. Therein, Plaintiffs move this court to reconsider its interlocutory order issued on May 6, 2019 (ECF No. 323). Plaintiffs argue that this court erred as a matter of law when this court held that despite Defendants' failure to give WARN Act notice, Defendants could nonetheless invoke the WARN Act's affirmative defenses to reduce the amount of damages, potentially to zero. For the reasons stated herein, Plaintiffs' motion is **GRANTED.**

## I. BACKGROUND

On October 15, 2013, the Guam Shipyard gave at least one hundred and fifty of its employees written notices of termination, effective immediately. Razzano Decl., Ex. E at 10, ECF No. 163-5. The named plaintiffs in this lawsuit claim to be among the employees who were terminated on that day. Compl. at ¶ 4, ECF No. 1. They bring this lawsuit pursuant to the Worker Adjustment and Retraining Notification Act (WARN Act), 29 U.S.C. §§ 2101-2109, which requires companies to give employees 60-days' notice before a mass layoff.

1

On May 6, 2019, this court ruled on seven motions in limine (MILs). Plaintiffs' instant motion requests this court to reconsider its rulings on Plaintiffs' first MIL and Defendants' third MIL. Plaintiffs' first MIL ought to preclude Defendants from asserting the WARN Act's affirmative defenses to liability.[1] ECF No. 244 at 4-7. Defendants' third MIL sought an order allowing Defendants to present evidence that a "plant closing" occurred, so that Defendants can raise the unforeseeable "business circumstances" affirmative defense to WARN Act liability. ECF No. 305; *see* 29 U.S.C. § 2102(b)(2)(A).

In ruling on Plaintiffs' third MIL (ECF No. 246)—which is not under reconsideration—this court held that the October 15, 2013 termination letter did not constitute WARN Act written notice. This court based its decision on two factors. First, the October 15 letter lacked several pieces of information that are required under the WARN Act and its implementing regulations, 20 C.F.R. § 639.7. Second, in response to interrogatories, Defendants admitted that no written notice had been provided to Plaintiffs. *See* Walsh Decl. at 9-10, ECF No. 310.

In ruling on Plaintiffs' first MIL, this court denied Plaintiffs' request to prohibit Defendants from introducing evidence regarding the WARN Act's affirmative defenses. This court reasoned that, even though no WARN Act notice was provided, Defendants could potentially limit their damages if they can show that the notification period was shortened because one of the WARN Act's affirmative defenses applied. Similarly, in response to Defendants' third MIL, ECF No. 305, this court ruled that Defendants would be permitted to introduce evidence that a "plant closing" occurred, thus allowing them to argue that the WARN Act's 60-day notification period should be shortened due to circumstances "not reasonably foreseeable at the time that notice would have been required." 29 U.S.C. § 2102(b)(2)(A).

---

[1] Plaintiffs' first MIL also sought to preclude Defendants from arguing that they provided Plaintiffs with oral notice of termination. This court granted that portion of Plaintiffs' first MIL. Neither party seeks reconsideration on this issue.

2

On May 10, 2019, Plaintiffs moved for reconsideration of this court's orders. ECF No. 329. In that Motion, Plaintiffs argue that this court's rulings on the above-mentioned motions in limine are inconsistent. Given that this court ruled that no WARN Act notice was provided at all, Plaintiffs argue, Defendants are prohibited from raising the WARN Act's affirmative defenses. In addition to reviewing Plaintiffs' Motion, this court has considered Defendants' Response, ECF No. 340, and Plaintiffs' Reply, ECF No. 341.

## II. MOTION FOR RECONSIDERATION STANDARD

Plaintiffs bring their Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(1) and Local Civil Rule 7(p). Plaintiffs assert that they did not specifically brief the issue at hand, namely, whether a defendant can invoke the WARN Act's affirmative defenses when the defendant did not provide WARN Act notice at all. Mot. at 3, ECF No. 329. Defendants argue that Plaintiffs have failed to satisfy any of the grounds for a motion for reconsideration under CVLR 7(p). Response at 4-5, ECF No. 340.

This court agrees with Plaintiffs that their Motion is properly brought. In the Ninth Circuit, "errors of law are cognizable under Rule 60(b)." *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982). This court interprets CVLR 7(p) to be consistent with Rule 60(b), such that CVLR 7(p) permits motions for reconsideration when a court makes an unforeseeable legal ruling that, despite the moving party's "exercise of reasonable diligence," was not adequately briefed prior to the ruling. Accordingly, this court will consider the merits of Plaintiffs' Motion for Reconsideration.

## III. DISCUSSION

Plaintiffs argue that, when WARN Act notice is required but not given, a company cannot rely on the WARN Act's affirmative defenses to reduce the company's damages. ECF No. 329. This court held otherwise when it denied Plaintiffs' first MIL in part and granted

3

Defendants' third MIL. This court reasoned that, even though Defendants provided no WARN Act notice, Defendants could argue that the 60-day violation period was shortened either because such notice "would have precluded the employer from obtaining [ ] needed capital or business" (the "faltering company" exception) or because the "plant closing or mass layoff" was "caused by business circumstances that were not reasonably foreseeable" (the "business circumstances" exception). 29 U.S.C. § 2102(b)(1), (2)(A). If Defendants could make either showing, this court reasoned, Defendants would pay damages only for the portion of the 60-day period after which notice should have been given. If, for example, Defendants could show that they did not foresee the Guam Shipyard's closure until October 11, then Defendants would only be liable for backpay from October 11 (when they should have given notice) until October 15 (when they terminated Plaintiffs).

Plaintiffs argue that the Ninth Circuit rejected this court's interpretation in *Childress v. Darby Lumber Corp.*, 357 F.3d 1000 (9th Cir. 2004). According to plaintiffs, the *Childress* court held that an employer who gives no WARN Act notice is prohibited from arguing that the violation period should be shortened. Mot. at 7, ECF No. 329. This court disagrees with Plaintiffs' reading of *Childress*. It was the *Childress* district court—not the Ninth Circuit—that held that the defendant company "would still be liable even if any of the exceptions applied because its notice was inadequate." 126 F. Supp. 2d 1310, 1317 (D. Mont. 2010). The Ninth Circuit did not comment on that legal conclusion. Rather, the Ninth Circuit analyzed each of the WARN Act's affirmative defenses and held that none of them applied. 357 F.3d at 1007-09. Thus, it appears to be an open issue in the Ninth Circuit whether a company that provided no WARN Act notice may invoke the "faltering company" or "business circumstances" exceptions to reduce its damages.

Plaintiffs correctly note, however, that numerous out-of-circuit courts—in addition to the

*Childress* district court—have adopted their position. Mot. at 5-7, ECF No. 329; *see In re Organogenesis, Inc.*, 316 B.R. 574, 584-85 (Bankr. D. Mass. 2004); *In re Jamesway Corp.*, 235 B.R. 329, 342 (Bankr. S.D.N.Y. B 1999) ("[T]he statute and regulations clearly provide that an employer cannot invoke either exception without giving some written WARN notice."); *Watts v. Marco Holdings, L.P.*, 1998 WL 211770, at *2 (N.D. Miss. 1998) (holding that, even though an unforeseen business circumstance occurred, a defendant company could not invoke the "business circumstances" exception because the company provided no WARN Act notice); *United Paperworkers Int'l Union v. Alden Corrugated Container Corp.*, 901 F. Supp. 426, 440 (D. Mass. 1995) (noting that an employer's failure to provide written notice "constitute[d] sufficient grounds to deny the applicability of the exemption provisions"). These non-binding cases are persuasive, because neither Defendants nor this court have found a single case adopting the contrary position.

More importantly, having reexamined the WARN Act itself, this court agrees that the "faltering company" and "business circumstances" exceptions cannot reduce a company's damages when the company provided no WARN Act notice at all. Section 2104(a)(2) provides circumstances under which a company's damages shall be reduced. Those circumstances are exhaustive rather than exemplary, and they do not include the "faltering company" or "business circumstances" exception.

This court appreciates Defendants' argument that this may be a harsh result under the present circumstances. *See* Response at 2, ECF No. 340. Assuming that Defendants did not know of the impending closure until October 11, the "business circumstances" exception could have limited their liability to the time between October 11 to October 15. But their lack of awareness of the WARN Act renders them liable for the full 60-day period. While there are some exceptions to the maxim, "Ignorance of the law is no excuse," Congress inserted no such

exception into the WARN Act. Thus, while the result is indeed harsh for unaware companies, that harshness appears to have been Congress's intent.

Lastly, Plaintiffs argue in their Motion for Reconsideration that Defendants may not invoke the "good faith exception" to reduce liability because they did not attempt to comply with the WARN Act—they were unaware of the Act altogether. Mot. at 7-8, ECF No. 329. Defendants correctly respond that this argument is improper, as it does not relate to this court's rulings on either of the parties' MILs. Response at 18-19, ECF No. 340. When Plaintiffs addressed the WARN Act's "affirmative defenses" in their first MIL, they were referring solely to the "faltering business" and "business circumstances" exceptions. *See* ECF No. 244. And, while Plaintiffs discussed the "good faith exception" in their third MIL, that discussion was intended to support their argument that Defendants should be prohibited from arguing that the October 15 letter constituted a WARN Act Notice. *See* Mot. Lim. At 4-5, ECF No. 246. Thus, Defendants are correct that the applicability of the good faith exception is not presently before this court.

### IV. Conclusion

Upon reconsideration, this court concludes as a matter of law that a company that fails to provide WARN Act notice may not invoke the "faltering company" or "business circumstances" exceptions to reduce damages. Accordingly, this court vacates its rulings on Plaintiffs' first MIL and Defendants' third MIL. Plaintiffs' first MIL is hereby **GRANTED**. Defendants' third MIL is hereby **DENIED**, as it is no longer relevant whether a "plant closing" occurred.

A status hearing is set for Monday, June 3, at 9:30 a.m.



/s/ **Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: May 29, 2019**